# McILHENNY'S SON *v.* NEW IBERIA EXTRACT OF TOBASCO PEPPER COMPANY, LIMITED.

EQUITY PRACTICE; AFFIDAVITS; TRADEMARKS; CANCELATION OF REGISTERED TRADEMARKS.

1. Affidavits not referred to in a petition, and filed after the filing of the petition, form no part thereof.

2. The right of a party to file in the Patent Office a petition for the cancelation of a registered trademark, under the act of Congress of February 20, 1905, sec. 13 (33 Stat. at L. 724, U. S. Comp. Stat. Supp. 1907, p. 1008), is dependent upon a showing of interest; and his petition must contain a statement of fact on this jurisdictional question, sufficiently full to show that he has been injured by the registry of the mark he seeks to have canceled; and this fact must not be left to conjecture, but must affirmatively appear.

3. In equity the proofs must be according to the allegations of the parties in the pleadings; and if the proofs go to matters not within the allegations, the court cannot judicially act upon them as a ground for its decision.

4. An averment in a petition for the cancelation of the word "Tobasco," which had been registered as a trademark, that the petitioner had used the word as a trademark, is not sufficient, for the reason that, unless the word had been used in the same business as that in which it had been used by the petitioner, no injury would have resulted to him and no right to file a petition for the cancelation of the word would have followed; and an additional averment in such a petition, that the registration of the word by the respondent has been "much to the prejudice, damage, and loss of your petitioner," is also insufficient, when not supported by a statement of the facts.

No. 447.   Patent Appeals.   Submitted January 21, 1908.   Decided February 4, 1908.

HEARING on an appeal from a decision of the Commissioner of Patents overruling a demurrer to a petition for the cancelation of a registered trademark.                    *Reversed.*

The facts are stated in the opinion.

*Mr. Melville Church* for the appellant.

*Mr. Clifford S. Walton* for the appellee.

Mr. Justice Robb delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents overruling a general demurrer filed by appellant, E. McIlhenny's Son, to a petition filed by appellee, the New Iberia Extract of Tobasco Pepper Company, Limited, for the cancelation of the word "Tobasco," which appellant had registered in the Patent Office as a trademark for pepper sauce.

The petition demurred to was filed under the provisions of sec. 13 of the act of February 20, 1905 (33 Stat. at L. 724, chap. 592, U. S. Comp. Stat. Supp. 1907, p. 1008), which reads as follows: "That whenever any person shall deem himself injured by the registration of a trademark in the Patent Office he may at any time apply to the Commissioner of Patents to cancel the registration thereof. The Commissioner shall refer such application to the Examiner in charge of interferences, who is empowered to hear and determine this question, and who shall give notice thereof to the registrant. If it appear, after a hearing before the Examiner, that the registrant was not entitled to the use of the mark at the date of his application for registration thereof, or that the mark is not used by the registrant, or has been abandoned, and the Examiner shall so decide, the Commissioner shall cancel the registration. Appeal may be taken to the Commissioner in person from the decision of Examiner of Interferences." The only averments found in the petition as to the right of the petitioner to apply for a cancelation of the trademark are contained in the fifth and sixth paragraphs, and read as follows:

"5. That the corporation of your petitioner, as well as others, had used the word 'Tobasco' as a trademark in trading through-

out the United States and with foreign nations generally for several years prior to the registration of this mark."

"6. The registration of said word 'Tobasco' as a trademark by the firm of E. McIlhenny's Son has been much to the prejudice, damage, and loss of your petitioner and his corporation, organized under the laws of Louisiana."

Subsequently certain affidavits were filed by the petitioner, in which its interests more fully appear, but these affidavits were not referred to in the petition, and, of course, form no part thereof. *Robinson Tobacco Co.* v. *Philips,* 20 Blatchf. 569; 12 Fed. 670; *Hiatt* v. *Goblt,* 18 Ind. 494; *Howard Mfg. Co.* v. *Water-Lot Co.* 53 Ga. 689; *Statham* v. *New York L. Ins. Co.* 45 Miss. 581, 7 Am. Rep. 737; *Moses* v. *Brodie,* 1 Tenn. Ch. 397; 8 Enc. Pl. & Pr. p. 740.

Pursuant to the authority vested in him by sec. 26 of said act of February 20, 1905, the Commissioner, in notifying appellant of the filing of said petition for cancelation, said: "The practice of the United States equity courts should be followed in pleadings."

The right of the petitioner to intervene was dependent upon a showing of interest. The statute does not contemplate that anyone may petition the Commissioner to cancel a trademark regularly registered, but it does provide that anyone who "shall deem himself injured" may do so. The petition, therefore, must contain a statement of fact on this jurisditional question, sufficiently full to show that the petitioner has been injured by the registry of the mark he seeks to have canceled; and this fact must not be left to conjecture, but must affirmatively appear. As was said by Mr. Justice Story in *Harrison* v. *Nixon,* 9 Pet. 503, 9 L. ed. 208: "Every bill must contain in itself sufficient matters of fact, *per se,* to maintain the case of the plaintiff; so that the same may be put in issue by the answer and established by the proofs. The proofs must be according to the allegations of the parties; and if the proofs go to matters not within the allegations the court cannot judicially act upon them as a ground for its decision, for the pleadings do not put them in contestation. The *allegata* and the *probata* must recip-

rocally meet and conform to each other." The petition of the appellee does not contain an averment that it had used the word "Tobasco" as a trademark for pepper sauce. The averment that it had used the word as a trademark is not sufficient, for the obvious reason that, unless the word had been used in the same business as that in which it was used by appellant, no injury contemplated by the statute would have resulted and no right to intervene would have followed. The averment in the sixth paragraph of the petition is merely a conclusion of the pleader unsupported by the facts previously set out. Such an allegation is not sufficient. *St. Louis & S. F. R. Co.* v. *Johnston,* 133 U. S. 577, 33 L. ed. 686, 10 Sup. Ct. Rep. 390; Story, Eq. Pl. sec. 257.

The demurrer should have been sustained, and the decision of the Commissioner of Patents is therefore reversed. The clerk of the court will certify this opinion and the proceedings of the court in the premises to the Commissioner of Patents according to law.                    *Reversed.*

A petition for a rehearing filed February 18, 1908, was denied.