# BATTLE CREEK SANITARIUM COMPANY, LIMITED, *v.* FULLER.

---

TRADEMARKS; OPPOSITION TO REGISTRATION; AMENDMENT; DISCRETION; DEMURRER.

1. When the Examiner of Interferences sustains certain grounds of a demurrer to an opposition to the registration of a trademark, the opposer should then, if at all, ask leave to amend his opposition, and not after an appeal to the Commissioner; and if the Commissioner in the exercise of his discretion then refuses leave to amend, and does not abuse his discretion, an appeal from his order of refusal will not lie.

2. *Quœre*, whether an amendment to an opposition to registration of a trademark setting up a new ground of opposition will be equivalent to a new opposition, and therefore not permissible if the period within which opposition can be made has elapsed.

3. A mark which cannot be appropriated and registered as a technical trademark because it consists of words descriptive of the goods with which it is used may nevertheless be registered under the proviso of sec. 5 of the trademark act of February 20, 1905 (33 Stat. at L. 724, chap. 592, U. S. Comp. Stat. Supp. 1907, p. 1010), if the mark has been actually and exclusively used by the applicant for ten years next preceding the passage of the act. (Following *Re Cahn*, 27 App. D. C. 173, and *Natural Food Co.* v. *Williams*, ante, p. 348.)

4. The allegation in an opposition to the registration of certain words as a trademark, that the opposer uses the words, or words of similar import, in its advertising matter, and has so used them for about twenty-eight years, is insufficient, and the opposition is demurrable on that ground, as there is nothing to show that the words have been applied to the goods of the opposer, or what those goods consist of, or that the opposer has any interest in the words from which damage may be inferred. (Following *McIlhenny* v. *New Iberia Extract*, ante, p. 337.)

No. 446.   Patent Appeals.   Submitted January 20, 1908.   Decided February 11, 1908.

HEARING on an appeal from a decision of the Commissioner of Patents sustaining a demurrer to an opposition to the registration of a trademark and refusing leave to amend. *Affirmed.*

The facts are stated in the opinion.

*Messrs. Chappell & Earl* for the appellant.

:   *Mr. Fritz v. Briesen* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Frank Fuller, on December 2, 1905, filed an application for the registration of a trademark consisting of the words

"Health Food," alleging that the same had been used by him continuously since the year 1874 as a trademark applied to bread, crackers, wafers, sticks, puffs, biscuits, and buns made of wheat flour, and also of mixed wheat and oat flour, etc. It has been displayed on the packages containing the goods.

This trademark was allowed as entitled to registration under what is called the "ten years' clause" or proviso of sec. 5 of the trademark act of February 20, 1905, and publication was ordered and made as required by sec. 6 of said act. On December 16, 1906, the Battle Creek Sanitarium Company, Limited, of Battle Creek, Michigan, filed its opposition to the registration of the said trademark. The grounds of this opposition are substantially as follows: 1. The Battle Creek Sanitarium Company, Limited, is engaged in the manufacture and sale of food products, among others, of bread, crackers, wafers, sticks, and the like. 2. It is closely associated with the Sanitas Nut Food Company, Limited, which is largely engaged in the manufacture and sale of foods, opponent being the selling company for the foods manufactured by the Sanitas Company aforesaid. 3. That said companies use in their "advertising matter the words 'Health Food' or words of similar import, and have made use of the same for a period of about twenty-eight years last past." 4. That it is believed that the registration of the term "Health Food" will interefere with the rights of the opposer and its associates in business. 5. That the words "Health Food" do not constitute a valid trademark because descriptive. 6. That the United States circuit court of appeals for the second circuit, in *Fuller* v. *Huff*, 51 L.R.A. 332, 43 C. C. A. 453, 104 Fed. 141, 145, has held that the term "Health Food" cannot be a technical trademark, because descriptive.

This opposition was demurred to by Fuller, on the following grounds: 1. The opposition does not state facts sufficient to constitute a cause of action. 2. The opposition does not show in what manner the opponent would be injured by the registration of the mark. 3. That paragraphs 5 and 6 of the opposition, if true, would not bar the applicant's right to register. 4. That the opposition is defective because the Sanitas Nut

Food Company is not a party.  5.  The opposition is bad in that the opponent does not show that it or the Sanitas Food Company has used the words "Health Food" or a colorable imitation of the same on merchandise of substantially the same descriptive properties as those set forth in the application, or on labels, signs, prints, packages, wrappers, or receptacles intended to be used upon or in connection with the sale of merchandise of substantially the same descriptive properties as those set forth in the registration.

The Examiner of Interferences overruled grounds 1, 2, and 4 of the demurrer, but sustained grounds 3 and 5.  Without asking leave to amend the allegations of the opposition to which the said objections applied, the opponent appealed to the Commissioner.  The Commissioner affirmed the decision, and denied the opponent leave to amend the opposition in order that it might allege the use of the trademark by it upon its merchandise.  This objection was called to the attention of the opponent by the fifth ground of demurrer, and the appropriate time to ask leave to amend was when the Examiner of Interferences sustained that ground of the demurrer.  When the case came before the Commissioner on appeal it was discretionary with him to allow or to refuse the leave to amend.  Under the conditions stated, there was no abuse of that discretion, and we need not pause to consider whether such an amendment, setting up a new ground of opposition, would be equivalent to a new opposition, and therefore not permissible because the period within which opposition can be made had elapsed.

It is true, as contended by the appellant, that the words "Health Food" cannot be appropriated and registered as a technical trademark because they are clearly descriptive of the goods with which they are used.  Trademark act, sec. 5.  The right to register is claimed under the "ten years" proviso of the same section, which reads as follows: *"And provided, further:* That nothing herein shall prevent the registration of any mark used by the applicant or his predecessors or by those from whom title to the mark is derived, in commerce with foreign nations, or among the several States, or with Indian tribes,

which was in actual and exclusive use as a trademark of the applicant or his predecessors from whom he derived title for ten years next preceding the passage of this act." [33 Stat. at L. 726, chap. 592, U. S. Comp. Stat. Supp. 1907, p. 1010.] In construing this proviso, in a recent case, it was said by Mr. Justice McComas: "The last proviso of sec. 5, as amended and passed, was not intended to provide for the registration of technical trademarks, for such marks had been cared for elsewhere in this act. This proviso permitted the registration of marks not in either of the classes prohibited by this section, if such marks were in actual and exclusive use as a trademark for ten years next preceding the passage of the act. In respect of technical trademarks, this proviso was absolutely useless. It was intended to save the right of registration to the marks described in this proviso. The section had prohibited the registration of immoral or scandalous matter and public insignia as trademarks, no matter how long the same had been before registered, and the proviso only extended the right of registration to marks not within either of the prohibitive classes, if such marks had been in actual and exclusive use as a trademark during the ten years next preceding the passage of the act." *Re Cahn,* 27 App. D. C. 173, 177. See also *Natural Food Co.* v. *Williams,* (Present Term), *ante,* p. 348.

When an application for registration is made under the said proviso, it is the duty of the Commissioner to determine whether the applicant has brought his claim within its terms. He represents the general public interest in such matters, as he does in the case of applications for patents. If satisfied of the truth of the representations, as he was in the matter of Fuller's application, it was his duty to order publication. Within thirty days after this publication, "any person who believes he would be damaged by the registration of a mark may oppose the same by filing notice of opposition, stating the grounds thereof." Sec. 6. It is not sufficient for the opponent to say that he believes he would be damaged. He must allege some fact showing an interest in the subject-matter, from which damage might be inferred. If he has not used the mark as a trademark upon goods

of a like description, he can suffer no damage from its registration by another. *McIlhenny* v. *New Iberia Extract,* (Present Term), *ante,* p. 337.

There is no such allegation in this opposition. The allegation is that the opponent "uses in its advertising matter the words 'Health Food' or words of similar purport," and has so used them for about twenty-eight years. No trademark right grows out of the mere invention or discovery of the word or symbol, but out of its use as such. *Trade Mark Cases,* 100 U. S. 82, 94, 25 L. ed. 550, 551. To constitute a trademark use, the mark must be attached or applied to the goods. *Columbia Mill Co.* v. *Alcorn,* 150 U. S. 460, 464, 37 L. ed. 1144, 1146, 14 Sup. Ct. Rep. 151. Property in it can only be acquired by the actual application of it to goods of a certain class, so that it serves to indicate the origin of the goods; that is to say, identify them with the particular manufacturer or trader, and to distinguish them from similar goods. *United States* v. *Braun,* 39 Fed. 775; 28 Am. & Eng. Enc. Law p. 346. The mere advertisement of the words or symbol without application to the goods themselves is insufficient to constitute a trademark. As this is all that was claimed in the opposition, the Commissioner was right in sustaining the demurrer to it on that ground. As this is sufficient to dispose of the case, it may be remarked of the paragraph setting up the decision of the circuit court of appeals, in *Fuller* v. *Huff,* 51 L.R.A. 332, 43 C. C. A. 453 (104 Fed. 141), that the decree of that court is not pleaded as decisive of the question involved here; nor could it avail the opposition if it had been so pleaded. Fuller sued Huff, who represented the Battle Creek Sanitarium Company, apparently, not for the infringement of a trademark, but for unfair competition in trade, and obtained a decree against him. In discussing the case, the court said that the words would not constitute a technical trademark, because descriptive; and in this it was undoubtedly correct. But the question of trademark was not involved, and Fuller, as we have seen, is not asking for registration on that ground, but under the "ten years' clause" or proviso.

The decision appealed from will be affirmed, and this decision certified to the Commissioner of Patents as required by law. It is so ordered.                                       *Affirmed.*