29 C.C.P.A.(Patents)

## BURMEL HANDKERCHIEF CORPORA-TION v. CLUETT, PEABODY & CO., Inc.

Patent Appeal No. 4580.

Court of Customs and Patent Appeals.
April 27, 1942.

Raymond J. Mawhinney, of Washington, D. C., for appellant.

Roberts, Cushman & Woodberry, of Boston, Mass. (Charles D. Woodberry, Robert L. Thompson, and John D. Woodberry, all of Boston, Mass., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

On September 1, 1938 appellant filed in the United States Patent Office its application to register its trade-mark "Handkerchiefs of the Year" as applied to handkerchiefs, the word "Handkerchiefs" being disclaimed. The application alleges continuous use of the mark since March 16, 1937.

Notice of Opposition to the registration was filed by appellee December 7, 1938, setting out the grounds for opposition as follows:

"1. The Opposer, Cluett, Peabody & Co., Inc., is a manufacturer of handkerchiefs, collars, shirts, underwear, neckties, and other articles of dress and apparel, its business is an old and established one, and its products have been and are widely sold throughout this country and the principal foreign markets of the world.

"2. On February 7, 1933, the Opposer obtained Letters Patent of the United States Design No. 89,175 (a copy whereof is hereto annexed) for a new, original and ornamental design for a Handkerchief having as its dominant feature the conventional and most commonly used symbol of the year, namely, the calendar of the year. Very large quantities of handkerchiefs embodying said design have been made and sold by the Opposer and its licensee under said patent, all said handkerchiefs embody-

ing the design as shown in said patent except that subsequent to 1933, the numeral and calendar of the year has been those in which the said handkerchiefs were sold. And the Opposer avers that the said design is of great value and that 'Handkerchiefs-of-the-Year' is descriptive of said handkerchiefs bearing said design which Opposer and its licensee alone have the right to make and sell.

"3. And the Opposer avers that as applied to handkerchiefs in general, the phrase 'Handkerchiefs-of-the-Year' is synonomous with 'Handkerchiefs of the Season' and in either form is a descriptive term meaning that because of their material, quality, workmanship, style, or for some other reason, they are the most desirable handkerchiefs of the year, or season or are peculiarly adapted for use in the year or season as being the vogue or fashion thereof, and that therefore the phrase is one which the Opposer, in common with all other handkerchief manufacturers, has a right to use upon and in connection with the sale of its handkerchiefs.

"4. And the Opposer is informed and believes and therefore avers that it is and long had been an established commercial custom to employ advertising slogans consisting of the name of the goods associated with such words as 'of the day', 'of-the-week', 'of-the-month', 'of-the-year', 'of the season' or similar terms; that the public is thoroughly famil-ar with such trade custom and understands that such slogans are not used as marks of origin or to be relied upon as marks of origin but merely as references to the character or quality of the goods; and the Opposer avers that the mark Serial No. 410,170 is neither adapted to indicate origin, nor will be understood or relied upon by the public as a mark of origin, and is therefore not a mark susceptible of exclusive appropriation as a trade mark.

"5. And the Opposer pleads all of said facts, both as bars against Applicant's right of registration of said alleged trade mark and as objections to its registration, and avers that the registration of the said mark to the Applicant will interfere with and embarrass the Opposer in the exercise of its right to describe its handkerchiefs, including its said design patented handkerchiefs, as 'Handkerchiefs-of-the-Year', and that for all the reasons aforesaid it will be damaged by said registration."

On February 6, 1939, appellant moved to dismiss the Notice of Opposition on the grounds that it was insufficient in that it alleged no facts, but only conclusions of law, to sustain the contention that the mark is descriptive and that it failed to allege facts sufficient to entitle appellee to contest appellant's right to register its mark. In the opinion of the Examiner of Interferences the question as to appellee's right to make the contest was not sufficiently clear. He therefore denied the motion but granted both parties the opportunity to take testimony.

On April 3, 1939, appellant filed its answer to the Notice of Opposition and renewed its motion to dismiss.

On September 8, 1939, a stipulation between the parties was filed in lieu of testimony. In the stipulation the corporate entity of appellee and its business is set out together with the statement that its general house trade-mark consists of the word "Arrow". There was stipulated in evidence an exhibit which is a specimen of a handkerchief made in accordance with its design patent and sold during the year 1933. No other sale of such article by appellee is shown in the stipulation. Other exhibits which consist of salesmen's portfolios illustrating certain of appellee's articles of clothing and advertisements published by appellee in a certain magazine are in evidence under the stipulation, together with exhibits of advertising by appellee for wearing apparel, such as "Arrow's Choice for September", "Arrow's Choice for the Month", "The Pick of Esquire this Month" and "Smartest Feature in Esquire this Month". Other exhibits on behalf of appellee received in evidence are published advertisements, by others, such as "The Dress of the Month", "The Belt of the Month", "Smartest Hat of the Season", "Dress of the Week", "The Velvet of the Year", "Man of the Year", "Sportsman of the Year", "Playwright of the Year", "The Car of the Year", and others of like import. An advertisement by appellant of ladies' handkerchiefs, which are the only kind of handkerchiefs made and sold by appellant, is likewise in evidence. The advertisement comprises the expression "Handkerchief of the Month". That expression is a registered trade-mark of appellant. One of those handkerchiefs is in evidence. It bears a tag with the printed words "Handkerchief of the Month by Burmel as seen in Vogue".

The decision of the Examiner of Interferences is dated April 12, 1940. The examiner in his decision stated as follows:

"Accordingly, the evidence filed by the opposer is deemed to establish a fact of which judicial notice might well be taken, namely, that phrases such as 'of the year,' 'of the month' and the like, when used in connection with any particular thing in the manner of the notation used by the applicant, are mere laudatory expressions, descriptive of the character or quality of the subject concerned. Registration upon the application involved herein is therefore deemed to be inhibited by the 'descriptiveness' clause of Section 5. The rulings in the following cases involving the notation indicated are believed to be pertinent here:

" 'Hit of the Week' for phonograph records, Ex parte Durium Products Co., 15 U. S.Pat.Q. 57;

" 'January' for hosiery, Holeproof Hosiery Co. v. Joseph F. Lerner, 27 U.S.Pat.Q. 457.

"It is accordingly adjudged that the applicant is not entitled to the registration for which it has made application."

In ruling upon the sufficiency of the objections to registration the examiner held that appellee could not qualify under the "descriptiveness" clause of Section 5 of the Trade-mark Act of 1905, 15 U.S.C.A. § 85 stating that:

"It fails to appear that the opposer has used in trade the notation 'Handkerchiefs of the Year,' or 'of the year,' here in question, for any purpose. The record does show, as alleged in the notice of opposition, that the opposer has sold handkerchiefs bearing thereon a representation of a yearly calendar (Exhibit 2) corresponding to design patent No. 89,175 (Exhibit 1); the examiner, however, is not in agreement with the contention made by the opposer to the effect that such handkerchiefs and the notation used by applicant possess substantially the same significance. Moreover, the stipulated evidence fails to show that the opposer has sold any such handkerchiefs since 1933, long prior to the institution of this proceeding. These last mentioned goods are therefore deemed not to be material here. Esterbrook Steel Pen Mfg. Co. v. W. A. Sheaffer Pen Co., 159 Ms.D. 733; 470 O.G. 950.

"The exclusive use of a descriptive term can result in no damage or injury to another unless the latter uses the same or substantially the same term in trade for purposes of description. Battle Creek Sanitarium Co. v. Fuller, 134 O.G. 1299, 30 App.D.C. 411, 1908 C.D. 370; McIlhenny's Son v. New Iberia Extract of Tobasco Pepper Co., 133 O.G. 995, 30 App.D.C. 337, 1908 C.D. 325; Esterbrook Steel Pen Mfg. Co. v. W. A. Sheaffer Pen Co., supra.

"It is accordingly held that the opposer cannot qualify under the 'descriptiveness' clause of Section 5.

"The notice of opposition is therefore dismissed."

Both parties appealed from the decision of the Examiner of Interferences, appellant urging the registrability of its mark and also alleging error by the examiner in deciding the appellant's right to register before he decided the question as to appellee's standing in the proceeding. Appellant contended that the examiner should have dismissed the opposition without entertaining the ex parte question involving appellant's right to register its mark.

The commissioner in his decision affirmed that part of the decision of the examiner refusing to grant the sought registration and reversed the decision in so far as it dismissed the opposition. Appellant then appealed here.

The commissioner did not specifically hold that the mark sought to be registered was descriptive. In that part of his decision affirming the action of the examiner, he stated as follows:

"In holding the mark to be descriptive, the examiner expressed the opinion 'that phrases such as "of the year," "of the month" and the like, when used in connection with any particular thing in the manner of the notation used by the applicant, are merely laudatory expressions, descriptive of the character or quality of the subject concerned.' Whether or not it is strictly accurate to say that such expressions are 'descriptive,' within the meaning of the Trade-Mark Act, I am clearly of the opinion that they are not registrable as trade-marks, for the simple reason that they are inherently incapable of functioning as such. In other words, and more specifically, I do not think that applicant's alleged mark, 'Handkerchiefs of the Year,' would have the slightest significance to the purchasing public as indicating origin in applicant of the handkerchiefs with which it is used.

"It is true, as pointed out by applicant, that several expressions of a similar nature have previously been registered as trade-marks for various goods; but the propriety of such registrations is not here in issue, and they need not be discussed, except to say that I must decline to accept them as binding precedents in the instant case."

For the reason that appellee pleaded in its notice of opposition that it is a manufacturer of handkerchiefs and that the notation "Handkerchiefs of the Year" is an expression which it, as well as all other manufacturers, has a right to use in the sale of its handkerchiefs, the commissioner held that damage to appellee may be predicated upon the registration to appellant, citing the case of Martell & Co. v. Societe Anonyme De La Benedictine, etc., 116 F.2d 516, 28 C.C.P.A., Patents, 851. He therefore held that appellee had qualified as a proper party opposer.

We think that judicial notice can be taken of expressions of time, such as "of the year", "of the hour", "of the month", "of the century", "of the era", etc., as indicating that the persons or objects to which they are applied stand out pre-eminently above the class to which they belong by reason of some outstanding achievement or quality. That such expressions are laudatory and are intended to attract attention to persons or objects by reason of achievement or quality cannot be doubted. "Man of the Hour" could be well applied to many leaders of world thought or action, yet none could say that such expression could be exclusively applied to any one of such leaders. "Car of the Year" as applied to an automobile is intended to indicate that it possesses qualities which raise it above automobiles generally in material, quality, workmanship and style. No one could seriously think that that expression could not be used by the manufacturer of any automobile.

In the final analysis such expressions as we are discussing with relation to objects of trade are a "puffing of wares" and are intended to call attention to the superiority of the advertised goods. Such expressions are a condensed form of describing in detail the outstanding character or quality of the objects to which they are applied. So with the expression "Handkerchiefs of the Year". It merely in condensed fashion describes handkerchiefs having every characteristic as to material, quality and style that the best handkerchiefs should possess.

We think that the notation sought to be registered is descriptive of the character or quality of handkerchiefs. We are further of opinion that the notation inherently cannot function as a trade-mark. Such a common expression which can indicate nothing but high quality surely would not be indicative of origin to the purchasing public.

It is immaterial that appellee manufactures men's handkerchiefs only and appellant makes no handkerchiefs except women's.

The contention of appellant that the tribunals of the Patent Office erred in deciding the ex parte case before deciding the inter partes case is without merit. In the case of Dubonnet Wine Corp. v. Ben-Burk, Inc., 121 F.2d 508, 511, 28 C.C.P.A., Patents, 1298, 1301, quoting from Sparklets Corp. v. Walter Kidde Sales Co., 104 F.2d 396, 399, 26 C.C.P.A., Patents, 1342, 1345, we stated "It was not only the right but the duty of the tribunals of the Patent Office to determine, ex parte, and without reference to issues raised by the notice of opposition, whether the mark was entitled to registration." We reaffirm that doctrine here particularly in view of our agreement with the decision of the commissioner holding appellee to be a properly qualified party in the proceeding. In the Martell & Co. case, supra [116 F.2d 517, 28 C.C.P.A., Patents, 851], Martell & Co. had not used the notation "B and B". But by reason of the fact that its trade in cognac brandy, which among other cognacs was used in making the drink "B and B", was likely to be damaged by the registration of the said notation, we held the notice of opposition to be sufficient. "B and B" we held in effect to be an expression free for anyone to use, if his product consisted of cognac brandy and benedictine. So in the instant case. In our opinion there would be a probability of damage to appellee and other manufacturers of handkerchiefs by the registration of appellant's mark. "Of the Year" is a common expression of high quality as applied to any object and one which we think any business is entitled to apply to its goods. If the exclusive right to use such expression as applied to handkerchiefs were granted appellant, we feel that appellee to-

gether with other manufacturers of handkerchiefs would probably be damaged.

The decision of the Commissioner of Patents is affirmed.

Affirmed.