Paper No. 11
BAC
THIS DISPOSITION IS
CITABLE AS PRECEDENT OF THE TTAB          DEC. 11, 98

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

_____

Trademark Trial and Appeal Board

_____

In re Dos Padres, Inc.

_____

Serial No. 75/075,701

_____

Marsha G. Gentner of Jacobson, Price, Holman & Stern, PLLC
for Dos Padres, Inc.

Montia O. Givens, Trademark Examining Attorney, Law Office
101 (R. Ellsworth Williams, Managing Attorney)

_____

Before Seeherman, Walters and Chapman, Administrative
Trademark Judges.

Opinion by Chapman, Administrative Trademark Judge:


Dos Padres, Inc. has filed an application to register

the mark QUESO QUESADILLA SUPREME for "cheese".[1]

Registration has been refused under Section 2(e)(1) of

the Trademark Act, 15 U.S.C. §1052(e)(1), on the basis

that, when used on applicant's goods, the mark is merely

---

[1] Application Serial No. 75/075,701, was filed March 20, 1996,
alleging a bona fide intention to use the mark in commerce.
Applicant subsequently disclaimed the words "queso quesadilla".

descriptive of them.

Applicant has appealed. Both applicant and the Examining Attorney have filed briefs, but an oral hearing was not requested. We affirm.

In the first Office action, the Examining Attorney, inter alia, refused registration of the mark as merely descriptive, asserting that QUESO QUESADILLA is a type of Mexican cheese, as evidenced by several excerpts from Lexis/Nexis; and that SUPREME is a laudatory term which is "nondistinctive and unregistrable without proof of acquired distinctiveness". In response thereto, applicant disclaimed the words "queso quesadilla"; and argued that the term SUPREME is not merely laudatory, and that third-party registrations evidence a Patent and Trademark Office policy of allowing the word SUPREME to be registered without a disclaimer or a claim under Section 2(f). Applicant specifically argued that there are 200 registrations in International Classes 29, 30 and 31 in which the word SUPREME was not disclaimed; of these applicant provided approximately 45 illustrative examples[2].

---

[2] Applicant submitted the approximately 45 listings from a commercial trademark search report. These types of search reports are not credible evidence of the existence of the applications and/or registrations listed in such reports. See Weyerhaeuser Co. v. Katz, 24 USPQ2d 1230 (TTAB 1992). However, the Examining Attorney did not object to the evidence, and in fact, treated it as being of record. Accordingly, we have

2

The Examining Attorney submitted (i) a <u>Random House Dictionary</u> (1987) listing for the word SUPREME which includes as one definition, "of the highest quality"; and (ii) seven examples of registered marks which include either a disclaimer of the term SUPREME or a claim of distinctiveness under Section 2(f).  The Examining Attorney argues that the mark QUESO QUESADILLA SUPREME is merely descriptive of cheese because the mark consists of the generic term for a type of cheese (QUESO QUESADILLA) plus a laudatory term (SUPREME).  Further, she cites the case of Supreme Wine Co., Inc. v. The American Distilling Co., 310 F.2d 888, 135 USPQ 481 (2nd. Cir. 1962) wherein the Court stated that "the word 'supreme' is so totally lacking in distinctiveness, originality and uniqueness that, in the absence of compelling proof that it has acquired a secondary meaning to the buying public, it is not entitled to trademark protection".  While the Examining Attorney acknowledges that there are several instances of registered marks which do not include a disclaimer of the word SUPREME, she contends that each case must be decided on its own facts.

---

considered that material for whatever probative value it may have.  See In re Nuclear Research Corp., 16 USPQ2d 1316 (TTAB 1990).

Applicant argues that the mark QUESO QUESADILLA SUPREME, when viewed in its entirety, is not merely descriptive of applicant's goods. Applicant specifically asserts that the Examining Attorney dissected the mark, analyzed the separate portions, reassembled the mark, and then concluded that it is merely descriptive. Applicant argues that merely because each component term may have an accepted definition does not render a mark merely descriptive. Applicant also contends that the Examining Attorney did not show that the mark is likely to be perceived by the purchasing public as merely describing applicant's goods; that the numerous third-party registrations submitted by applicant "clearly establish a consistent policy and practice" (brief, page 7) of allowing the term SUPREME (and foreign equivalents thereof) to register without a disclaimer or a claim under Section 2(f); and that any doubt on the issue of mere descriptiveness must be resolved in applicant's favor.

It is well settled that a term or phrase is considered merely descriptive of goods or services, within the meaning of Section 2(e)(1), if it immediately conveys information concerning an ingredient, quality, characteristic or feature thereof, or if it directly conveys information regarding the nature, function, purpose or use of the goods

4

or services.  See In re Abcor Development Corp., 588 F.2d 811, 200 USPQ 215 (CCPA 1978).  Moreover, whether a term or phrase is merely descriptive is determined in relation to the goods or services for which registration is sought, the context in which it is being used on or in connection with those goods or services, and the possible significance that the term or phrase would have to the average purchaser of the goods or services because of the manner of its use.  See In re Bright-Crest, Ltd., 204 USPQ 591 (TTAB 1979).  See also, In re Consolidated Cigar Co., 35 USPQ2d 1290 (TTAB 1995); and In re Pennzoil Products Co., 20 USPQ2d 1753 (TTAB 1991).  Terms which are laudatory are also regarded as being merely descriptive because these laudatory terms are seen as a form of describing the quality of the goods.  See J. Thomas McCarthy, Vol. 2, Trademarks and Unfair Competition, §11:17 (4th Ed. 1998), and cases cited therein.

The record before the Board establishes that the term 'queso quesadilla' is a generic term for a type of cheese. The Lexis/Nexis excerpts submitted by the Examining Attorney include several references specifically to 'queso quesadilla' cheese in the lists of ingredients in recipes, as well as in the context of stories, such as the following:

Imagine a quesadilla, the Mexican grilled cheese sandwich, pocked with unyielding lumps: It's times like these when a cheese's first duty is to melt. Mexican cheeses such as queso quesadilla (KAY-so kay-sa-DEE-yah), the slightly tinted, smooth and buttery chihuahua (chee-WHA-wha), and the smooth, pale asadero (ah-sa-DAY-ro), are prime candidates for melting, "Better Homes and Gardens", February 1996;

...2 cups (8 ounces) grated four-cheese Mexican Blend (Cheddar, Monterey Jack, queso quesadilla and asadero)..., appeared under the byline "Homemade Meals In Minutes Stock Kitchen With Basics", "Omaha World Herald" October 4, 1995;

Pizza Mexicana was the appetizer winner in a recent contest. It uses Sargento 4-cheese Mexican Recipe Blend, which includes Cheddar, Monterey Jack and two Mexican cheeses, Queso Quesadilla and Asadero, "The Des Moines Register", August 13, 1995;

...No time to make salad? Use one of the salads in a bag from Fresh Express farms. A new arrival is Fiesta Salad Kit, which includes fresh lettuce, carrots, red cabbage, sour cream salsa dressing, lime-chili mini-tortilla triangles and a blend of four cheeses - Jack, cheddar, Queso Quesadilla and Asadero, "The Houston Chronicle", June 28, 1995;

...The Mexican blend contains the familiar Cheddar and Monterey Jack with asadero (whole-milk cheese with a mild flavor) and queso quesadilla (creamy white cheese that melts well), "The Atlanta Journal and Constitution", December 15, 1994; and

...Certain Hispanic cheeses, such as Queso Quesadilla, melt without separating. That makes them perfect for melting on nachos or in quesadillas, which are known as 'the grilled cheese sandwich of Mexico'..., "Wisconsin State Journal", June 2, 1993.

Moreover, applicant disclaimed the words "queso

quesadilla".

6

While the words "queso" and "quesadilla" each have a meaning in Spanish, when the words are combined as "queso quesadilla", they name a type of cheese, and the evidence shows that "queso quesadilla" would be understood as such by the purchasing public. SUPREME, as the dictionary definition indicates, means "of the highest quality". Therefore, the mark QUESO QUESADILLA SUPREME as applied to "cheese", would immediately convey to purchasers that the product is a high quality 'queso quesadilla' (creamy white cheese which melts easily).

We acknowledge that the records of the Patent and Trademark Office are inconsistent with regard to the Office treatment of the word SUPREME. It is clear that there are registered marks which include the word SUPREME with a disclaimer or a claim of distinctiveness under Section 2(f); and there are registrations which do not include such treatment of the term SUPREME. While the Office strives for consistency, we must decide each case on its own facts and record. See In re Consolidated Foods Corp., 200 USPQ 477 (TTAB 1978). The mere fact that there have been inconsistencies in how Examining Attorneys treated the word SUPREME in other applications does not, as applicant suggests, raise a doubt as to the merely descriptive nature of the mark now before us.

The case of In re Classic Beverage Inc., 6 USPQ2d 1383 (TTAB 1988), cited by applicant, does not require a different result herein. The three categories of evidence submitted in that case were specifically discussed in the opinion, and the evidence showed that 'classic' had a meaning that could describe a characteristic of *some* products (such as cars or books), but the evidence did not link the *recognized dictionary meaning* of 'classic' to apply to applicant's soft drinks. (Emphasis added.)

Decision: The refusal to register under Section 2(e)(1) is affirmed.


E. J. Seeherman

C. E. Walters

B. A. Chapman
Administrative Trademark
Judges, Trademark Trial and
Appeal Board