24 C.C.P.A.(Patents)

### In re McCABE.

**Patent Appeals No. 3809.**

Court of Customs and Patent Appeals.

June 7, 1937.

Langdon Moore, of Washington, D. C. (James Atkins, of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

The Primary Examiner of the United States Patent Office rejected all of appellant's claims for a patent relating to a repulsion type relay. Upon appeal to the Board of Appeals, the decision of the Examiner was affirmed and appellant has here appealed for a review of the Board's decision.

The Examiner in great detail describes the invention, but sufficient description of it, we think, is found in the claims and in the decision of the Board. Concerning the nature of the invention the Board said:

"The invention relates to a repulsion type relay which utilizes the movement of a moving or floating coil of a movable transformer, such as is found in a constant current transformer to actuate the switch mechanism. The switch mechanism may be the ordinary open contact switch or the tilting mercury tube type of switch. The examiner has fully described the invention in his statement."

The references relied upon are: Johnston, 713,887, November 18, 1902; Hewlett, 745,347, December 1, 1903; Coleman, 1,066,081, July 1, 1913; Bogle, 1,908,009, May 9, 1933; Ulrich, 1,940,032, December 19, 1933.

Claim 16 is regarded as illustrative and reads:

"16. A repulsion relay including a transformer for alternating current having one coil stationary and one movable coil normally resting against the stationary coil when either or both coils are deenergized and when both coils are energized the movable coil is repelled from the stationary coil, and a tilting mercury switch actuated by the movement of the movable coil to make or break an electric circuit including a swinging arm and means to transmit movement of said coil to said arm."

The Examiner gave three grounds of rejection: First, that there would be no invention in using a mercury tube switch such as Ulrich or Bogle show in a device like that of Coleman, Johnston, or Hewlett, the latter three patents showing as they do a movable coil similar to that of the applicant; second, upon Coleman, Johnston, or Hewlett alone; third, that there was no patentable distinction over the subject-matter claimed in claims 1 and 2 of McCabe's patent 1,973,925, of September 18, 1934.

The Board disapproved of the third ground of rejection and it will not be considered here.

We find it necessary to consider only the first ground of rejection above stated. On this ground of rejection the Board said:

"The claims have been rejected on either Coleman, Johnson or Hewlett in view

of Ulrich or Bogle. In each one of the first three patents, there is shown a circuit breaker which includes a fixed coil and a movable coil for breaking the circuit. In Hewlett, the primary coil moves and in Johnston and Coleman, the secondary coil moves to operate the switch. In Hewlett, an arm 25 on which the primary coil is supported, actuates a lever 14 which releases a switch. In Johnston, a lever G is actuated by the secondary coil K to release the switch. It is evident that these arms could readily be employed to oscillate a tilting mercury switch. Evidently, any one skilled in the art could readily substitute such a switch in these patents if he so desired and have the arms actuate the mercury switch. It is our view that no invention is involved in such substitution. The Ulrich and Bogle patents show the use of tilting mercury switches. This combination of references meets claims 16 and 17."

Some of the claims are worded somewhat differently from claim 16, but, as is pointed out by the Board, each of these separately expressed limitations is shown in one or more of the references.

Concerning the issue presented in this court, the appellant in his brief states:

"The question before the Court, therefore, resolves itself into whether or not the Patent Office is justified in combining the five patents cited to reject the appealed claims."

No contention is made that appellant's device does not work as the tribunals have stated or that the references do not show what the tribunals have pointed out. Appellant argues that it required invention to produce the combined structure which the claims call for and urges that in view of his showing of commercial success, the Patent Office had no right to "combine five references" for the purposes of rejecting the claims. Commercial success is shown, and admitted by the tribunals. That appellant has constructed a useful and novel device is unquestioned.

The five references were not combined in the sense that it required all of them to show the features called for by the claims. Each of the first three references shows one of the features and either of the last two references shows the other feature.

Appellant assigns as reason of appeal No. 6:

"6. The Board of Appeals erred in considering claim 32 in connection with the patents cited as it was finally rejected only upon the patent to McCabe and the Board of Appeals did not affirm the rejection on this ground."

Concerning claim 32, the Board had this to say:

"Claims 32 and 33 are clearly unpatentable over the above patents particularly Hewlett considered with Ulrich or Bogle."

■ Appellant has not discussed this reason of appeal in his brief. The Solicitor for the Patent Office has mentioned this circumstance and has pointed out that under rule 139 of the Rules of Practice in the United States Patent Office, it is permissible for the Board of Appeals to apply a new ground of rejection, citing In re Mulligan, 83 F.(2d) 917, 23 C.C.P.A.(Patents) 1220. Rule 139 provides that under such circumstances the case is reopened and that the applicant might further prosecute his application before the Primary Examiner. The record does not show that such action was taken on the part of the applicant, and we assume that the above reason of appeal has been abandoned in this court.

■ All of appellant's arguments and contentions made in a very elaborate brief, which is replete with citation of authorities, have been carefully considered, but it has not been made clear to us that the Board's finding of want of invention was erroneous. We are of the opinion that the Board correctly held that appellant has done nothing more in producing the structure called for by the claims than a skilled electrical mechanic could do without the exercise of inventive genius. The decision of the Board of Appeals is affirmed.

Affirmed.