41 C.C.P.A.(Patents)

**Application of WOODLING.**

**Patent Appeals No. 5942.**

United States Court of Customs
and Patent Appeals.

March 3, 1954.

Bruce B. Krost, Cleveland, Ohio, for
appellant.

E. L. Reynolds, Washington, D. C. (J.
Schimmel, Washington, D. C., of coun-
sel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and
O'CONNELL, JOHNSON, WORLEY,
and COLE, Judges.

WORLEY, Judge.

An opinion in this case was rendered
April 15, 1953. Subsequently, appellant
filed a motion for reconsideration. That
motion was granted and oral argument
had.

In consequence of the contentions ad-
vanced by appellant and the answers
thereto by the Solicitor for the Patent
Office, a further study of the record,
briefs of the parties, and our first opin-
ion, was made. As a result, certain
modifications have been made but none
of them to the extent of reversing the
holdings of the Patent Office as advocat-
ed by appellant. It is our conclusion
that the holding by the Board of Ap-
peals, affirmed by us in our first decision,
that appellant dedicated the claims un-
der consideration, was proper.

The opinion as modified follows:

This is an appeal from the decision of
the Board of Appeals of the United
States Patent Office affirming the rejec-
tion by the Primary Examiner of meth-
od claims 21 and 22 in appellant's ap-
plication for a patent entitled "Improve-
ment in Brush Element and Apparatus
for Making Same," filed November 20,
1945, Serial No. 629,723. Six claims di-
rected to the element have been allowed.

The involved claims read as follows:

"21. In a method of making a
brush element of the character de-
scribed, the steps which consist in
winding the brush material in the
form of one or more strands about
a mandrel, continuously moving such
wound material axially of such man-
drel as it is wound thereon, con-
tinuously confining and binding such
wound material laterally exteriorly
of such mandrel along a line there-
on parallel with such direction of
movement and at a point where such

material is still supported on such mandrel, and then severing such wound material along a line spaced from such first mentioned line.

"22. In a method of making a brush element of the type in which stranded brush material is looped upon an extended retaining member, the steps which consist in disposing such retaining member longitudinally and exteriorly of the surface of a suitable mandrel, winding the brush material around such mandrel with such retaining member thereon, moving such retaining member and wound brush material axially of such mandrel, continuously securing such wound material to such retaining member at a point where still supported on such mandrel, such material being thus secured laterally exteriorly of such mandrel, and then severing such wound material along a line spaced from such retaining member."

Although the tribunals of the Patent Office cited eleven references in their decisions, only two of those pertain to the rejection of the involved claims. They are:

Woodling 2,363,217 November 21, 1944;
Peterson 2,449,668 September 21, 1948.

The claims in the patent to Woodling, appellant here, are for a process for making a brush element. The steps as set forth in claim 7, for example, comprise impregnating a continuous elongated cord with a gluey substance, winding said cord in a series of loops while the glue is still wet, on two spaced elongated anchoring strips which are made of wire and covered with cloth. The loops of glue-impregnated cord are then dried and the loops are severed intermediate the anchoring strips. Each of said strips is then wound with the bristles anchored thereto in a helix.

The patent to Peterson discloses a method of making a brush element which comprises looping stranded brush material on an extended retaining member, which is disposed along and exteriorly

the edge of a flattened mandrel, winding the brush material around the mandrel with the retaining member thereon while moving the mandrel in an axial direction, applying a channel-form strip over the wound material and retaining member which is supported by the mandrel, severing the wound material along a line spaced from the retaining member, removing the material preliminarily secured to the retaining member from the mandrel and finally compressing the sides of the strip in order to permanently bind the brush material to said retaining member.

The instant application discloses a brush element as well as the apparatus and process for constructing same. The brush element is made on a machine comprising stationary arms having on opposite edges longitudinally extended recesses designed to receive the wire elements which are fed slowly from reels, the movement being imparted by the rotation of winding mandrels. A continuous cord vacuum-impregnated with glue is wound in a series of closely spaced loops around the moving wires in the arms and there pressed to firmly bind the cord to the wires. The loops are then carried by the moving wire through a dryer and, before emerging, pass under cutting knives to be severed. The bristles are thus anchored to the wires and wound spirally on the mandrels to form the completed spiral brush.

The appealed claims are method claims and are copies of claims 6 and 7 of the Peterson reference. They were rejected by the examiner on the following grounds: (1) as drawn to a non-elected invention; (2) as unpatentable over appellant's patent on the ground of dedication; and (3) as fully met by the patent to Peterson.

The Board of Appeals specifically affirmed the rejection of the examiner as to grounds 1 and 2 and, with respect to ground 3, stated as follows:

"The rejection of claims 21 to 24 on the Peterson patent, from which they are copied, is not understood. If these claims were properly made

herein they would raise a question of priority. If these claims cannot be made because of dedication, the rejection is without point. As has already been held, claims 21 and 22 have been dedicated."

In the brief of the Solicitor for the Patent Office it is urged that appellant's reasons of appeal to this court do not expressly or by implication touch rejections 1 and 3 and that such omission precludes their consideration, citing In re Boyce, 144 F.2d 896, 897, 32 C.C.P.A., Patents, 718. It is further urged that even assuming those rejections are covered by said reasons of appeal, failure to discuss them in appellant's brief likewise precludes consideration, citing In re McCabe, 90 F.2d 111, 24 C.C.P.A., Patents, 1224, and other cases. The solicitor concludes that under the doctrine of those cases the rejection of claims 21 and 22 for non-elected invention and as being fully met by Peterson must be affirmed. However, while those cases reflect the general doctrine, in view of the peculiar circumstances here we feel the issue of dedication should receive primary consideration. Before that matter can be determined it is necessary to outline the circumstances which brought about the present controversy.

The record discloses that the instant application contains a duplication of the disclosure of the patent to Woodling. It would be a proper division thereof except for the fact that the application was not copending with the patent. The record also shows that, when filed, the application for the Woodling patent contained claims to the brush element, the process of making it, and the apparatus for practicing that process. However, during prosecution, all apparatus claims were cancelled with no requirement of division as to those claims having been made by the examiner.

During prosecution of the first application, division was required between the product and process claims. The process claims were elected. In order to avoid rejections, various amendments were made. Included therein were those involving the step of applying glue to the strands, which limitation was not contained in all the process claims originally presented. Finally, all claims remaining included the glue-applying step. As observed by the board, it is thus seen that in the application which matured into the Woodling patent, the original claims were broad in not being restricted to the glue-applying step, but were later so restricted.

At the time the instant application was filed, November 20, 1945, it appears that only claims to the brush and apparatus for manufacturing the brush were included therein; but, on December 8, 1948, appellant *for the first time* presented a number of claims relating to the process of making the brush element, which claims included appealed claims 21 and 22, copied by appellant from the patent to Peterson, filed November 9, 1943, and issued September 21, 1948, being claims 6 and 7 thereof.

As previously noted, the board held that claims 21 and 22 were rejected on Woodling " * * * on the ground that the issue of the Woodling patent constituted a dedication to the public of any disclosed process for making the brush that was not adequately covered by the claims of such patent.".

Appellant sought to counter that rejection on the ground that the instant application was filed within one year after issuance of the Woodling patent and that the processes defined in the instant claims constitute a distinct invention from the processes defined by the patent claims and is thus eligible for claiming under the third category of Ex parte Mullen and Mullen, 1890 C.D. 9, O.G. 837.

It was the board's view, however, that the instant process claims differed only in scope from those claims granted in the Woodling patent, pointing out that they differed from the latter claims in omitting the limitation of the glue-applying step and were thereby broader in that respect than the claims of the patent. It was further of the opinion that the instant claims were more restricted

than the claims of the patent in reciting the step of moving the retaining member and the brush material wound thereto axially of the mandrel. It concluded that those claims were for the same species of method, that is, the species disclosed in Figure 19, when taken in connection with Figure 1 of both the patent and application, and differed in scope only therefrom.

It is our belief that the facts of record are consistent with that evaluation.

■ Inasmuch as the claims of the appellant do not patentably differ from those of the patent, it would seem that our holding in In re Phillips, 148 F.2d 662, 664, 32 C.C.P.A., Patents, 901, is appropriate. In that case, as here, the claims of the application did not patentably differ from those of the patent. It was there held that "Since the involved application was not filed until several months subsequent to the issuance of appellant's patent, what he disclosed and did not claim must be considered dedicated to the public." Also see Mahn v. Harwood, 112 U.S. 354, 361, 6 S.Ct. 451, 28 L.Ed. 665.

It is noted that in the brief of the solicitor certain cases are cited [1] which reflect an apparent difference of opinion concerning the treatment to be accorded patentably and non-patentably distinct subject matter in deciding questions of dedication.

■ Here, as below, appellant argues that the action of the Patent Office in granting the Peterson patent precludes a holding of either double patenting or of dedication by Woodling. In support of his position, appellant contends that on November 9, 1943, and while one of his claims which was not restricted to the glue-applying step was still present in the original application, Peterson filed his application for a method and apparatus for making a brush, which application matured into a patent on September 21, 1948; that during the course of its prosecution, Woodling was cited as reference against the Peterson application to determine whether Peterson's disclosure constituted a patentable invention over Woodling; that the tribunals of the Patent Office adjudged that Peterson made an independent invention over Woodling; that claims 6 and 7 of Peterson are identical with the involved claims; that although the original Woodling application had pending in it the claim not restricted to the glue-applying step, heretofore mentioned, while the Peterson application was copending, no interference was suggested or declared by the Patent Office; and, that until the patent to Peterson issued, appellant had no knowledge of its contents.

Thus it appears that an anomalous situation has arisen. The Patent Office has held that the granting of the involved claims to Woodling would constitute double patenting even though it has also held, in effect, that the identical claims, when presented by Peterson, constituted patentable invention over Woodling, and resulted in a patent to Peterson containing claims held to have been dedicated by Woodling. We fully appreciate those anomalies, but it should

1. Miller v. Bridgeport Brass Company, 104 U.S. 350, 26 L.Ed. 783; Houser v. Starr, 6 Cir., 203 F. 264; Gladding-McBean Corporation v. N. Clark & Sons, 9 Cir., 16 F.2d 50; Elevator Supplies Co., Inc., v. Graham & Norton Co., 3 Cir., 44 F.2d 358; Directoplate Corporation v. Donaldson Lithographing Co., 6 Cir., 51 F.2d 199; Ely Norris Safe Co. v. Mosler Safe Co., 2 Cir., 62 F.2d 524, certiorari denied 289 U.S. 756, 53 S.Ct. 787, 77 L.Ed. 1500; Hartford Empire Co. v. Obear-Nester Glass Co., 8 Cir., 71 F.2d 50, certiorari denied 293 U.S. 625, 55 S.Ct. 345, 79 L.Ed. 712; Metal Cutting Tool Service v. National Tool Co., 6 Cir., 103 F.2d 581; Sontag Chain Stores Co. v. National Nut Co., 310 U.S. 281, 60 S.Ct. 961, 84 L.Ed. 1204; Bailey v. Sears, Roebuck & Co., 9 Cir., 115 F.2d 904, certiorari denied 314 U.S. 616, 62 S.Ct. 82, 86 L.Ed. 495; Picard v. United Aircraft Corporation, 2 Cir., 128 F.2d 632, certiorari denied 317 U.S. 651, 63 S.Ct. 46, 87 L.Ed. 524; In re Phillips, 148 F.2d 662, 32 C.C.P.A., Patents, 901; In re Terres, 150 F.2d 711, 32 C.C.P.A., Patents, 965; and In re Bersworth, 189 F.2d 996, 38 C.C.P.A., Patents, 1167.

be remembered that we are here concerned with the patentability of the claims to Woodling and not to Peterson. See Fessenden v. Coe, 69 App.D.C. 193, 99 F.2d 426, 432.

The record does not reflect the reasons for the action in allowing the patent to Peterson, nor is it here within our province to consider that question. Neither is it within our province to consider why an interference was not declared nor why appellant delayed claiming the instant method until more than four years after issuance of the Woodling patent. Whatever the reasons, those questions are not before us.

Again reverting to the matter of dedication, we find ourselves in agreement with the Board of Appeals that the instant process claims are not patentably distinct from the patented process claims; that they are based upon identical disclosures; and that there was no copendency between the patent and the application at bar. In light of those facts, Woodling's failure to claim the involved subject matter by timely application for re-issue instead of waiting nearly four years to present claims thereto in a separate application, clearly constitute dedication.

The other contentions of appellant have been carefully considered but in view of our conclusion it is not deemed necessary to discuss them.

The decision of the Board of Appeals is affirmed.

Affirmed.

O'CONNELL and COLE, JJ., concur in the conclusion.