27 C.C.P.A.(Patents)

## In re RETAIL CLERKS INTERNATIONAL PROTECTIVE ASS'N.
### Patent Appeal No. 4255.

Court of Customs and Patent Appeals.
Feb. 5, 1940.

Rehearing Denied March 20, 1940.

Lester L. Sargent, of Washington, D. C., for appellant.

Howard S. Miller, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

Appellant, a labor organization, sought to register an alleged trade-mark, consisting of a circular band bearing the words "Retail Clerks Union" within which is a five-pointed star, each of the points bearing one of the letters "R C I P A" and in the center is a representation of clasped hands, the mark being for use upon a store window card which card is rented to the store owner for 50 cents a month.

The Primary Examiner of the United States Patent Office denied registration with the statement that: "The grounds of refusal to register are that the articles on which the mark is used are mere incidents of service incapable of supporting a trade-mark right, and that the alleged mark is a functional part of the article on which it is used and not solely an indication of the commercial origin of such article."

Appellant appealed to the Commissioner of Patents who, on November 29, 1938, affirmed the examiner's decision and said: "To my mind, the manner in which this insignia is displayed on the display card is not such as indicates that the insignia is applied to the cards as a trade-mark for the cards themselves as articles of commerce. * * *"

On December 21, 1938, the applicant made a request for reconsideration which the commissioner denied on December 30, 1938.

Appellant on February 3, 1939, filed its notice of appeal to this court from the decision of the commissioner of December

30, 1938, "rejecting our above entitled application and refusing registration of our trade-mark * * *." The reasons of appeal all relate to the decision of the commissioner denying registration which decision was rendered November 29, 1938. No reason of appeal relates to the denial of the petition for reconsideration.

The attorney for the Commissioner of Patents in his brief has pointed out the fact that February 3, 1939, the date upon which the said notice of appeal was filed, is more than 40 days from the date of the decision of the commissioner denying registration, although it is within the 40 day period from the date of the decision of the commissioner denying the petition for reconsideration, and calls attention to this court's decision in Re Horton, 58 P.2d 682, 19 C.C.P.A., Patents, 1151.

In the above-cited case, facts substantially identical with those at bar were disclosed by the record. In the opinion of the court by the late Presiding Judge Graham it was pointed out that rule 149 of the Patent Office, promulgated under the authority of section 4912, Revised Statutes, 35 U.S.C.A. § 60 (which rule is now in full force and effect), provides that 40 days, exclusive of Sundays and holidays but including Saturday half holidays, is the period within which an appeal to this court must be taken, and that there was no statutory authority or rule of the Patent Office which operated to extend that period by the filing of a petition for rehearing unless said rehearing was granted. Upon the facts in that case, the court held that it was without jurisdiction to review the proceeding and dismissed the appeal.

For the reasons assigned there we must hold here that we are without jurisdiction in the matter, and the appeal of appellant is therefore dismissed.

Dismissed.