**SHARP et al. v. BARNHART et al.**
**JAMES v. SAME.**
Nos. 7235, 7236.

Circuit Court of Appeals, Seventh Circuit.

Jan. 14, 1941.

Harvey H. Smith, of Cincinnati, Ohio, and J. F. Sexton, of Indianapolis, Ind., for appellants.

O. S. Jackson, Atty. Gen., and Urban C. Stover and Thomas Longfellow, Deputy Attys., Gen., for appellees.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

EVANS, Circuit Judge.

These two appeals present the same legal problem; namely, jurisdiction of the United States District Court of a suit involving a liquor shipment in interstate commerce, wherein less than $3,000 is involved. Each suit was to recover for a different shipment of liquor which was seized by the State of Indiana, while in transit through that state. The trucks transporting the liquor were stopped for minor traffic violations, whereupon liquor was discovered and seized.

The District Court dismissed both suits for want of jurisdiction, because $3,000 was not involved.

It is appellants' chief contention that the Federal statute, 28 U.S.C.A. § 41(8), specifically grants Federal jurisdiction in "suits under interstate commerce laws" irrespective of the amount involved.

*No. 7236, Appeal of James.* This suit was to recover 102 cases of liquor, valued at $1,377.40, which were seized, December 20, 1938, at English, Indiana. The liquor was in a truck driven by one Vanover, who had come from East St. Louis, Illinois, and was being transported to Huntington, West Virginia. It belonged to James, plaintiff herein, who prayed for its return and set the compensatory damage at $1,000, and

exemplary damages at $2,500. Thereafter, the parties entered a stipulation[1] withdrawing the damage issue.

After dismissal, plaintiff sought to amend his petition so as to include the damage issue, but he was denied permission so to do. He asks this court for leave to amend.

The truck was stopped by the Indiana police for "improper plates, no directional lights, no flags or flares."

On December 20, the driver, Vanover, pled guilty to two minor charges and was fined $5 on each charge, and, on December 21, he was charged with "unlawfully transporting liquor shipment, with false address." He pleaded guilty to this charge and was fined $25. The liquor illegally transported was confiscated.

*No. 7235, Appeal of Sharp and Canterbury.* Sharp, a citizen of West Virginia, a retailer of liquor, and Canterbury, a citizen of Ohio, a truck operator, sued to recover 135 cases of liquor (invoiced at $1,218.75) and a truck, respectively. The truck and liquor had been seized at Lafayette, Indiana, January 5, 1939, en route through Indiana from Illinois to West Virginia. The complaint originally claimed damage for liquor of $1,000 and exemplary damages of $2,500. The issue of damages in this case was, by stipulation, also withdrawn. Canterbury, the truck driver, was seized for traffic violation, arrested, and the truck searched without warrant. He was held in custody in a hotel the night of January 5, but when the case was called the next morning he had absconded and has not since been apprehended. He was indicted on January 9, 1939, for illegal possession and transportation of alcoholic beverages.

Because of the similarity of issues in the two cases they were argued at the same time, and will be disposed of in one opinion.

 We are convinced that the District Court correctly dismissed the suits for want of jurisdiction.

We arrive at this conclusion after considering, and rejecting, the contention of appellants that the Federal statute, The Motor Carrier Act of 1935, 49 U.S.C.A. § 301 et seq., governs. The Act is controlling where it is applicable, but on the facts in the instant case, it has no bearing, for the following reasons: (1) These seizures were in connection with violations of state police regulations, not affected, in any way, by the Federal act; (2) the appellants had no permit to operate, as required by Sec. 206(a) of the Act; and therefore did not bring themselves within the protection of said Act.

The Court, in the case of McDonald v. Thomson, 305 U.S. 263, 59 S.Ct. 176, 178, 83 L.Ed. 164, held that one operating in interstate commerce had no right to an injunction against the enforcement of the State Motor Truck Act, where he had not procured a permit from the state commission (his application having been turned down), and although he had a pending application before the Interstate Commerce Commission for a permit, he was not in "bona fide operation" as a common interstate carrier, and was operating without authority of either state or Federal law. The court therefore refused to consider the extent to which the Federal act superseded the state act. It said that the proviso in the Federal act, being construed in that case, "does not extend to one operating as a common carrier on public highways of a State in defiance of its laws."

We are also impressed by the fact that the instant seizures followed violations of state police traffic regulations.

The Motor Carrier Act of Congress does not prevent the application of the salutary local provisions to promote safety of motor traffic. In the case of Welch Co. v. New Hampshire, 306 U.S. 79, 59 S.Ct. 438, 441, 83 L.Ed. 500, the Court said:

"The roads belong to the State. There is need of local supervision of operation of motor vehicles to prevent collisions, to safeguard pedestrians, and the like. * * * In view of the efforts of governmental authorities everywhere to mitigate the destruction of life, limb and property resulting from the use of motor vehicles, it cannot be inferred that Congress intended to supersede any state safety measure prior to the taking effect of a federal measure found suitable to put in its place. Its purpose to displace the local law must be definitely expressed."

---

[1] "It is stipulated * * * by the parties hereto that a jury is waived * *, that if this court has jurisdiction the sole question to be decided is whether petitioner or respondent is entitled to the liquor sued upon in petitioner's complaint; that any and all damages for the alleged unlawful confiscation and detention of this liquor and truck are hereby withdrawn by the petitioner."

Also significant is the statement in Eichholz v. Commission, 306 U.S. 268, 273, 59 S.Ct. 532, 534, 83 L.Ed. 641:

"When the Commission revoked the permit, the Interstate Commerce Commission had not acted upon appellant's application under the Federal Motor Carrier Act and meanwhile the authority of the state body to take appropriate action under the state law to enforce *reasonable regulations of traffic upon the state highways* had not been superseded."

Hence, for both reasons (a) that the appellants had no permits as provided by the Federal Motor Carrier Act, so as to bring themselves within the protection of the Act, and (b) because the Federal Motor Carrier Act has not yet been extended to cover ordinary traffic safety regulations, neither action is within the exception of 28 U.S.C.A. § 41(8), which grants the Federal court jurisdiction of "suits *under* the interstate commerce laws," irrespective of the jurisdictional amount involved.

■■■ Appellants here seek to present an amendment to their complaints and to reinstate allegations which appeared in the original complaints and which they by stipulation eliminated.

These applications must be denied because good faith on the part of the moving parties is lacking. The charge of exemplary damages was withdrawn *pursuant to stipulation* in each case. Not until after trial and judgment of dismissal, was a petition presented to the District Court Clerk (not the District Court) for leave to amend the complaints.[2] As has often been observed, the purpose of pleadings is to narrow the issues to be tried. When the issues are determined by voluntary stipulation, and a full trial had thereon, the trial court does not abuse its discretion in refusing to permit an amendment which included an element of damage—deliberately removed by the moving party. It would be an abuse of discretion to grant the application, save in unusual or exceptional cases.

We are not unmindful of the holding of the Court in St. Paul Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 590, 82 L.Ed. 845, to the effect that reduction of the amount claimed, after filing of the complaint, does not deprive the Federal court of jurisdiction. The Court states the rule as follows:

"The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. * * * But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed *or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.*"

That case also differentiates between a case originally brought in the Federal court, and one *removed* (which was there the case) to the Federal court from the state court. The Court said in this respect,

"In a cause instituted in the federal court the plaintiff chooses his forum. He knows or should know whether his claim is within the statutory requirement as to amount. His good faith in choosing the federal forum is open to challenge not only by resort to the face of his complaint, but by the facts disclosed at trial, and if from either source it is clear that his claim never could have amounted to the sum necessary to give jurisdiction there is no injustice in dismissing the suit. Indeed, this is the court's duty under the Act of 1875."

The facts stated in the complaint include a statement of a loss to James of $1,377.40 for 102 cases of liquor. In the case of Sharp, the 135 cases of liquor were invoiced at $1,218.75. Even if we assumed that the complaint stood as originally filed, nevertheless the District Court correctly dismissed the suits for lack of the jurisdictional amount involved. To hold otherwise the court would be compelled to conclude that the allegations charge a liability three times as large as the amount of the property confiscated.

---

[2] Since the argument counsel has lodged with this court a statement to the effect that he filed his amended petition with the clerk before entry of judgment. However, it is the allowance, not the filing of a proposed amended petition, that is essential.

When the damage consists of a loss of whiskey of the value of thirteen hundred dollars, on no conceivable legal theory would the plaintiff be entitled to recover more than three thousand dollars. There was no allegation that the whiskey was rare, choice, and well-nigh unobtainable. And, in the absence of allegation, the court was justified in taking judicial notice that whiskey of all grades of excellence (or inferiority) is legally and readily obtainable in Indiana.

The District Court was right in taking plaintiffs' own values, as declared in the complaints, as determinative of the amount in controversy. It correctly held that plaintiff's loss in each case was less than $3,000 and that the sums in excess of the value of the liquor were colorable. See Vance v. W. A. Vandercook Co., 170 U.S. 468, 18 S.Ct. 645, 42 L.Ed. 1111.

The judgments are affirmed.