# In re TERRES et al.

### Patent Appeal No. 4961.

Court of Customs and Patent Appeals.
March 21, 1945.

George A. McNulty, Bernard F. Garvey, and George Foulkes, all of Washington, D. C. (A. Matt. Werner, of Washington, D. C., of counsel), for appellants.

W. W. Cochran, of Washington, D.C. (E. L. Reynolds, of Washington, D.C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

O'CONNELL, Associate Judge.

This is an appeal by the Alien Property Custodian from a decision of the Board of Appeals of the United States Patent Office rejecting an application for the reissue of a patent with broader claims, and denying a subsequent petition for the reconsideration of its action.

The Solicitor for the Patent Office raises the objection that the court is without jurisdiction to hear the appeal and, among other reasons, urges that it be dismissed on the ground that the appeal is barred by the limitation of time provided for in Rule 149 of the Rules of Practice in the Patent Office, 35 U.S.C.A.Appendix.

Appellant contends that the denial of the petition for reconsideration was in fact a decision on the merits of the application for reissue, which supplemented and reinstated the original decision of the board, and thereby extended the time for appeal from both decisions to a period within which the appeal was taken.

The import of appellant's argument is that the order of the Commissioner of Patents, which restored jurisdiction to the Board of Appeals to hear appellant's petition for reconsideration after the time had elapsed within which he had a right to file such a petition, operated to extend his time within which to appeal to forty days from the date of the decision of the board on the petition for reconsideration, as provided for in Rule 149, and that having filed his notice of appeal herein thirty calendar days from the date of such decision, jurisdiction was thereby conferred upon this court to hear the appeal.

Appellant contends, moreover, that the limitation of time provided for in Rule 149 does not apply to the Alien Property Custodian in a proceeding for the alleged benefit of the public.

The chronology of the proceedings in the Patent Office and facts relating to the issue, briefly outlined, disclose that the process covered by appellant's patent is restricted to the production of high octane gasoline used as motor fuel, while the claims presented in the application for reissue extend protection of the patent to lacquers or other non-motor fuels.

The patent was issued May 24, 1938, and two years and seven days thereafter, May 31, 1940, the application for reissue was filed. Without considering the patentability of the subject matter, the Primary Examiner rejected the application on the ground of unreasonable delay in filing it.

An appeal was taken to the Board of Appeals and, while pending, title in the patent and the application for reissue vested in the Alien Property Custodian August 11, 1942, a period of four years and three months having then elapsed from the date of the issue of the patent.

The Custodian appeared by counsel who argued the appeal on November 30, 1942, before the Board of Appeals which affirmed the action of the examiner, December 30, 1942.

More than five months thereafter, June 17, 1943, appellant filed a petition with the Commissioner of Patents praying for the restoration of jurisdiction to the board for the purpose of hearing a petition submitted therewith for the reconsideration of its decision of December 30, 1942. The petition to restore jurisdiction to the board was granted, and the petition for reconsideration was thereupon submitted to the board.

On June 29, 1943, the board denied the petition for reconsideration, with a statement explaining the reason for its action, and on July 29, 1943, thirty calendar days thereafter, appellant filed the notice of appeal from that decision.

Appellant has included in the record a transcript of the proceedings before the board not only upon the request for reconsideration, but also upon the application for reissue, and has directed the reasons of appeal to alleged errors committed by the board in its decision in each instance.

█ The remedy which the law affords for taking an appeal from a decision of the Board of Appeals to the Court of Customs and Patent Appeals is established by the Revised Statutes and the duly authorized rules of practice in the Patent Office, which, when not inconsistent with such statutes, have the force and operation of law. Broadwell v. Long, 36 App.D.C. 418.

Section 4912 of the Revised Statutes (U.S.C. title 35 § 60, 35 U.S.C.A. § 60, authorizes the Commissioner of Patents to appoint the time within which an appeal may

be taken to the Court of Customs and Patent Appeals, and pursuant to such authorization the time appointed by him for taking an appeal is fixed by Rule 149 of the Rules of Practice in the Patent Office. It reads:

"149. When an appeal is taken to the United States Court of Customs and Patent Appeals, the appellant shall give notice thereof to the Commissioner, and file in the Patent Office, within 40 days, exclusive of Sundays and legal holidays in the District of Columbia but including Saturday half holidays, from the date of the decision appealed from, his reasons of appeal specifically set forth in writing; *Provided,* however, That if a petition for rehearing or reconsideration is filed within 20 calendar days after said decision and the reasons of appeal may be given and the reasons of appeal filed within 15 calendar days after action on the petition. No petition for rehearing or reconsideration filed more than 20 calendar days after such decision, nor any proceedings on such petition, shall operate to extend the period of 40 days hereinabove provided for appeal."

Rule 149 as it was previously drawn made no provision whatever for the filing of a notice of appeal after the expiration of the forty days from the date of the decision appealed from. This was effective, even though a petitioner had filed a petition for rehearing or reconsideration within the forty days and the Board of Appeals had not taken action on it until after the forty days had expired. In re Allen, Jr., 115 F.2d 936, 28 C.C.P.A. (Patents) 792.

To remedy this hardship, Rule 149 was amended, effective September 1, 1941, 35 U.S.C.A.Appendix, to provide that if a petition for rehearing or reconsideration is filed within twenty calendar days after the date of the decision of the board, the notice of appeal may be given and the reasons of appeal filed within fifteen calendar days after the decision on the petitioi for rehearing or reconsideration, regardless of the time at which action on the petition is taken by the board.

However, a petition for rehearing or reconsideration, filed within twenty days from the date of the decision appealed from, *may or may not* operate to extend the petitioner's time for appeal beyond the forty days.

█ If a petition for rehearing or reconsideration is filed within twenty days from the date of the decision of the board, and action by the board on the petition is taken on a date from which there are less than fifteen calendar days remaining of the forty days, then the petitioner is allowed as much time beyond the forty days as shall not exceed fifteen calendar days from the date of the decision on the petition.

Rule 149 limits the time within which an appeal may be taken from a decision of the Board of Appeals to the Court of Customs and Patent Appeals to the forty days in all cases in which no petition for rehearing or reconsideration is filed within twenty days from the date of the decision appealed from.

█ In the case at bar, appellant filed with the commissioner the petition for restoration of jurisdiction to the board accompanied by the petition for reconsideration more than five months after the date of the original decision of the board; and his notice of appeal was filed herein approximately seven months after the date of such decision and more than fifteen calendar days from the date of the decision of the board denying the petition for reconsideration.

Rule 149, supra, provides that "No petition for rehearing or reconsideration filed more than 20 calendar days after such decision, nor any proceedings on such petition, shall operate to extend the period of 40 days hereinabove provided for appeal."

The provisions of the rule are explicit, and there is no question that appellant did not file his appeal within the time specified. Therefore, this court is without jurisdiction to entertain the appeal. This conclusion is supported by the decisions of this and other courts. In re Horton, 58 F.2d 682, 19 C.C.P.A. (Patents) 1151; In re Retail Clerks International Protective Ass'n, 108 F.2d 1008, 27 C.C.P.A. (Patents) 875; General Electric Company v. Hygrade Sylvania Corporation et al., D.C., 61 F.Supp. 476.

█ Furthermore, assuming, but not holding, that the Commissioner of Patents had authority to restore jurisdiction to the board and endow appellant's petition with the status of a petition for reconsideration filed within twenty calendar days from the date of the original decision of the board, nevertheless, fifteen calendar days having expired at the time appellant filed

his appeal from the decision of the board on the petition for reconsideration, this court is likewise without jurisdiction to hear the appeal.

It follows that the appeal herein must be dismissed, unless Rule 149 is not applicable to the Alien Property Custodian in a proceeding for the alleged benefit of the public.

It is difficult to understand the merit of appellant's contention, "that the public's interest in this proceeding will be best served by granting the Custodian a reissue patent." The law is well settled that an inventor is considered to have abandoned to the public for its use and benefit any matter disclosed but not claimed by him in a patent. Therefore, as appellant's patent now stands, the unclaimed invention, if there is one in the broadened claims, has been dedicated under a presumption of law to the use and benefit of the public.

In any event, no citation of authority is presented by appellant and we know of none which remotely suggests that Rule 149 of the Rules of Practice does not apply to the Alien Property Custodian.

Appellant, having failed to appeal to this court in time, still had a remedy on June 17, 1943, by a bill in equity under Section 4915 of the Revised Statutes, U.S. C. title 35, sec. 63, 35 U.S.C.A. § 63.

For the reasons assigned, the appeal is dismissed.

Dismissed.