**PRICE VACUUM STORES, Inc.**

v.

**ADMIRAL CORP.**

Patent Appeal No. 6072.

United States Court of Customs
and Patent Appeals.

June 15, 1955.

Caesar & Rivise, Philadelphia, Pa.
(A. D. Caesar and Max R. Millman, Philadelphia, Pa., of counsel), for appellant.

Wilkinson, Huxley, Byron & Hume,
Chicago, Ill. (Gerrit P. Groen, Chicago,
Ill., and J. Darrell Douglass, Cleveland,
Ohio, of counsel), for appellee.

Before GARRETT, Chief Judge, and
O'CONNELL, JOHNSON, WORLEY
and COLE, Associate Judges.

JOHNSON, Judge.

This is an appeal from the decision of the Commissioner of Patents, speaking through the Examiner-in-Chief, 97 USPQ 472, affirming the decision of the Examiner of Trade-Mark Interferences which granted appellee's motion for dismissal of appellant's petition for cancellation of appellee's registration No. 409,-912 for the trade-mark "Admiral" on the ground that it failed to state facts upon which relief could be granted.

The basic question for our determination is whether appellant has stated a cause of action in its pleadings. However, before answering this question we deem it desirable to review the facts of the instant litigation in the light of other litigation involving appellee and a subsidiary of appellant.

As stated above, appellee, Admiral Corporation, is the owner of registration No. 409,912 for the trade-mark "Admiral" registered January 11, 1944 for use on "radio receiving sets, loud speakers, amplifiers, vacuum tubes; electrically operated record players, automatic phonograph record players, automatic phonograph record changers, phonograph recorders and reproducers, radio and phonograph combinations; electrically operated phonograph recorders, electrically driven record changers, electric flat irons, electric waffle irons, nontherapeutic electric heating pads, electric desk lamps, nontherapeutic electric heating lamps, electric fans, electrically heated vaporizers, electric curling irons, electric percolators, electric toasters, electric hot plates, electric food mixers."

Appellant, Price Vacuum Stores, Inc., has a wholly owned subsidiary by the name of Penco, Inc. which engages in the sale of sewing machines and vacuum cleaners under the name "Admiral."

In previous litigation, Admiral Corporation v. Penco, Inc., D.C., 106 F.Supp. 1015, 1020, decided August 1, 1952, it was held, insofar as of interest here, that there was trade-mark infringement in the use of the mark "Admiral" by Penco, Inc. In its decision the court stated, "The right to protection of good will and reputation in connection with the trade in goods sold under an established mark extends not only to the identical goods but to items of the same general kind or of the same descriptive properties to which the mark would bear a natural trade significance." (Citation of cases omitted.) On appeal, 2 Cir., 203 F.2d 517, the circuit court affirmed the district court's decision.

A petition for cancellation of appellee's registration No. 409,912 was filed by appellant, Price Vacuum Stores, Inc., in the United States Patent Office on March 24, 1952. This petition, as amended on May 19, 1952, included the following allegations:

"12. Said Penco, Inc., the defendant in said Civil Action No. 5036, is Petitioner's wholly-owned subsidiary and Admiral Corporation seeks damages as well as an injunction in said suit.

"13. Admiral Corporation has offered in evidence and is relying upon said Certificate of Registration No. 409,912 in said Oppositions No. 29,846 and No. 29,847.

"14. In said suit for infringement, Civil Action No. 5036, and in said Oppositions No. 29,846 and No. 29,847 said Admiral Corporation bases its action, in part, on the alleged fact that said Certificate of Registration No. 409,912 is evidence of trade-mark use on all of the goods specified in said Registration No. 409,912 *which said Admiral Corporation alleges are of the same descriptive properties as Petitioner's electric sewing machines, vacuum cleaners and parts therefor.* [Italics added.]

"15. Petitioner avers on information and belief that Admiral Corporation has never offered for sale electric sewing machines, vacuum cleaners and parts therefor under the mark Admiral or any other trade-mark.

"16. Petitioner avers on information and belief that it has adopted and used the mark Admiral on sewing machines, vacuum cleaners and parts therefor prior to the time Admiral Corporation has adopted and used its mark on the same class of goods."

Appellee, Admiral Corporation, moved to dismiss appellant's petition for cancellation on the ground that it failed to state a cause of action. The Examiner of Interferences granted this motion and the Examiner-in-Chief affirmed with the following language:

"It seems clear from a study of the decisions cited by the examiner that his decision dismissing the petition for cancelation on the ground that it was fatally defective because of the omission of an allegation that the goods of the petitioner and those specified in the registration sought to be canceled are such that their sale under the notation 'Admiral' would be likely to cause confusion or mistake or deception of purchasers in trade was proper and is affirmed."

The decision of the Examiner-in-Chief was appealed to this court.

It is well settled that a petition for cancellation of registration of a trade-mark must allege facts upon which injury to petitioner is predicated. Old Monk Olive Oil Co. v. Southwestern Coca-Cola Bottling Co., 118 F.2d 1015, 28 C.C.P.A., Patents, 1091, and cases cited therein. One of the facts which must be alleged is that the goods of the respective parties are similar, or that confusion in the trade is likely, as discussed in detail hereafter.

The case of McIlhenny's Son v. New Iberia Extract of Tobasco Pepper Company, Limited, 30 App.D.C. 337, was cited in the Old Monk case, supra, for the above point of law. In the McIlhenny's case, the following is stated at 340 of 30 App.D.C.:

" * * * The petition of the appellee does not contain an averment that it had used the word 'Tobasco' as a trademark (sic) for *pepper sauce.* The averment that it had used the word as a trademark (sic) is not sufficient, for the obvious reason that, *unless the word had been used in the same business as that in which it was used by appellant,* no injury contemplated by the statute would have resulted and no right to intervene would have followed. * * * " [Italics added.]

The demurrer should have been sustained, * * *.

The McIlhenny's case, supra, was cited with approval in Goheen Corp., etc. v. White Co., 126 F.2d 481, 484, 29 C.C.P.A., Patents, 926, at page 931, wherein it is stated:

" * * * White has not alleged in its petition for cancellation that at or before the time it filed its petition it used the mark on any *kind of goods* similar to those of Vita-Var, * * *.

"If White had alleged in its petition for cancellation, and offered proof establishing that it, at the time of filing the petition, was manufacturing and selling a waterproofing compound *similar* to that of Vita-Var * * * a different situation with respect to the right to file a petition for cancellation might have been presented. [Italics added.]

"We think White has failed to allege and show injury in the statutory sense, and its petition for cancellation should have been dismissed."

In summary, the cited portions of the foregoing cases stand for the above-stated rule that a petition for cancellation of registration of a trade-mark must allege facts upon which injury to the petitioner is predicated. It is also quite obvious from the cases that, before there can be a showing of injury, there must be an allegation that there will likely be confusion in the trade as a result of the use of the marks on the respective goods of the parties, or as

stated by the Examiner-in-Chief, "The petitioner herein can have no proper interest in the question of respondent's right to registration in the cancellation proceedings unless the goods of the party and those specified in the registration under attack are such that their sale under the notation in controversy would be likely to cause confusion in the trade."

■ In view of the above-cited law, we must determine whether appellant, Price Vacuum Stores, Inc., has properly set forth a cause of action in the pleadings, this being the main issue before us. More specifically, in the light of the above cases, we must determine whether there are any facts alleged in the pleadings which set forth that the sale of the goods of the petitioner and respondent under the mark "Admiral" is likely to cause confusion in the trade. If there is no such allegation, then the petition must fail.

The closest that appellant comes to making this allegation is in recital 14, supra, of the Petition for Cancellation. It is stated by petitioner in this recital that Admiral Corporation, respondent, has alleged in previous opposition proceedings and in a previous infringement suit, that the goods listed in its Registration No. 409,912 are of the "same descriptive properties" as petitioner's electric sewing machines and vacuum cleaners. It is to be noted that there is no *direct* statement by petitioner in recital 14 that the goods are of the "same descriptive properties" as those of respondent. In essence, what appellant is doing is relying on appellee's allegations in previous cases before other tribunals. Therefore, the question before us, in its narrowest aspect, is whether the allegation made by appellant that appellee has alleged the fact of "same descriptive properties" in previous litigation involving the same mark is a sufficient recital to allow the petition for cancellation to proceed on its merits.

Appellant's argument in the foregoing respect appears to be that "Respondent itself has tendered the issue of likelihood of confused (sic) based on goods of the same descriptive properties." Appellant draws no conclusion from this statement, but it appears that it is implied that appellant does not have to *directly* state that there would be confusion since appellee has stated this in previous actions.

The reasons for appellant's drafting of the petition in the above manner are not known to us, and appellant has not given us the benefit of its knowledge in this respect. However, it might be noted that in the above-cited Penco, Inc., infringement suit the appellate court stated in 203 F.2d 517, 519:

"In addition to contesting the jurisdiction of the court, defendant [Penco, Inc.] relies upon its right to share in the use of plaintiff's [Admiral Corp.] symbol, asserting (1) that the parties were not in competition, since the goods were not the same, but were 'radically different'; * * *." (Matter in brackets added.)

It would appear that if appellant were to *directly* allege in the instant proceeding that the goods were similar that this allegation would be directly contrary to the argument in the Penco, Inc. case, supra. We state the foregoing merely in an attempt to state all the facts in their proper light, and we consider this nowise controlling of our decision in this particular case.

We are of the opinion that appellant's pleading was insufficient to state a cause of action, and that appellee's motion to dismiss appellant's petition was therefore properly sustained.

■ A party should plead that which he must prove. Alpine Forwarding Company v. Pennsylvania R. Co., 2 Cir., 60 F.2d 734, certiorari denied 287 U.S. 647, 53 S.Ct. 93, 77 L.Ed. 559. The purpose of pleadings is to narrow the issue to be tried. Sharp v. Barnhart, 7 Cir., 117 F.2d 604, certiorari denied Canterbury v. Barnhart, 313 U.S. 576, 61 S.Ct. 1099, 85 L.Ed. 1533. Petitioner has accomplished neither of these by his pleadings.

We again refer to recital 14, supra, of appellant's petition. It can be clearly seen that there is no *direct* allegation therein that Admiral Corporation's goods are of "the same descriptive properties" as petitioner's electric sewing machines, vacuum cleaners, and parts therefor. The allegation in recital 14 is that *Admiral Corporation has alleged in previous actions that the goods specified in Registration No. 409,912 are of the "same descriptive properties" as petitioner's electric sewing machines, vacuum cleaners, and parts therefor.* Even if petitioner were to prove that Admiral Corporation made these allegations in previous litigation, this proof, by itself, would be valueless for deciding the ultimate question whether Admiral Corporation's mark should be cancelled since the allegation was not at least a direct statement that the goods are of the "same descriptive properties," or that there is likelihood of confusion when both types of goods are sold under the same name "Admiral."

Thus there is no pleading by petitioner of what must be proved in order to prevail in the cancellation proceeding, and there is obviously no narrowing of the issue to be tried. In short, petitioner has pleaded what Admiral Corporation has stated in previous litigation, but petitioner has not pleaded that its goods and those of Admiral Corporation are of the "same descriptive properties."

■ In the preceding paragraph we have used the terminology "goods of the same descriptive properties" for the sole reason that this phrase appears in recital 14, supra, of the petition, and we desired to analyze the pleadings according to their original terminology since the decision in this case turns on the wording of the pleadings. It is to be noted, however, that we do not feel that under the present law a petition must contain the specific wording "goods of the same descriptive properties." There is nothing in the statute which requires this. It is our view that any positive allegation is sufficient which states in substance that the sale of the goods by the respective parties under the mark in question would be likely to cause confusion in the trade. It would certainly seem that a recital of this nature would be sufficient to set forth the "damage" contemplated by the statute which would entitle one to bring a cancellation proceeding.

Appellant argues quite strenuously that "the case at bar is governed by both the letter and spirit of the decision in the case of Pittsburgh Waterproof Company v. Knitted Padding Company, 2 USPQ 12 (Commissioner of Patents— 1929), and that the Commissioner was in error in disregarding said decision". In the brief, appellant discusses the applicability of the Pittsburgh case, supra, as follows:

"In the Pittsburgh case, the Registrant had brought suit against the Petitioner for infringement of its registered marks. The Petitioner pleaded the suit in its Petition for Cancellation. The Registrant argued that the Petition for Cancellation should have been dismissed because the Petitioner had not shown itself to have such an interest as would justify bringing the Petition. The Commissioner refused to accept this argument. Instead, he ruled that the mere bringing of the suit for infringement constituted such interest as would justify bringing the Petition for Cancellation, saying as follows on Page 13 [of 2 U.S. P.Q.] of the opinion:

"It is thought, however, this position cannot be maintained in view of the admitted fact that the petitioner was sued by the registrant for infringement of the registered mark."

■ We feel that the Pittsburgh case, supra, is inapposite. The petition for cancellation in that case was not dismissed on motion for failure to state a cause of action, as in this case, but was dismissed on its merits. There is an appreciable distinction between dismissing a petition on its merits and dismissing the petition on motion. The petition can be dismissed on its merits

only after testimony has been given (or facts have been stipulated in lieu of testimony). On the other hand, a petition can be dismissed on motion when the sufficiency of the pleadings is properly questioned, and before the petition is judicially considered on its merits. Thus, since the fact situation in the Pittsburgh case, supra, is not analogous to the case before us, we consider it inapposite.

The fact that appellant has relied on the Pittsburgh case, supra, focuses attention on the McIlhenny's case, supra, wherein the court felt that a demurrer to a petition for cancellation should have been sustained. This again points out the difference between dismissing a petition for cancellation on its merits and dismissing it on motion or demurrer.

It might be further noted that the fact situation in the Pittsburgh case, supra, is also not analogous to the case before us for the additional reason that the question of whether there was any allegation that the goods of the parties were of the "same descriptive properties" was apparently never placed in issue. On page 13 of 2 U.S.P.Q. of that case it is stated that:

> "* * * it was stipulated by the parties that the case should be decided on a record consisting of * * * two specimens which are stated to be a specimen of the material upon which the registrant uses its mark and a specimen of the material sold by the petitioner, respectively, * * *.

Since specimens were submitted under a stipulation, it would appear that the question of the sufficiency of the pleadings as to whether there was an allegation that the goods were of the "same descriptive properties" was not before the Commissioner for determination, as it was in the present case.

For the foregoing reasons we feel that the decision appealed from must be affirmed.

Affirmed.