48 CCPA

**ROBERT HALL CLOTHES, INC.,**
Appellant,

v.

**STERN–SLEGMAN–PRINS COMPANY,**
Appellee.

**Patent Appeal No. 6586.**

United States Court of Customs
and Patent Appeals.
Jan. 13, 1961.

John P. McGann, New York City, for appellant.

Claude A. Fishburn and Fishburn & Gold, Kansas City, Mo., for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Judges, and Judge WILLIAM H. KIRKPATRICK.*

MARTIN, Judge.

This is an appeal from a decision of the Trademark Trial and Appeal Board of the United States Patent Office, 120 USPQ 503, granting a motion to dismiss a counterclaim for cancellation of an opposer's pleaded registration and refusing to grant an oral hearing on said motion.

Robert Hall Clothes, Inc., appellant here, applied for registration of "Debbie Hall" as a trademark for girls' coats, suits, dresses, skirts, blouses, sweaters, and slacks, alleging a first use on January 22, 1958. Stern-Slegman-Prins Company, appellee, filed a notice of opposition on the basis of its prior rights in "Debby Rose" which it uses as a trademark for ladies' coats and suits and for which it obtained registration on November 30, 1954. Appellee states that the two marks are confusingly similar in sound, appearance, and significance. Thereupon, appellant, as a counterclaim, petitioned for cancellation of the "Debby Rose" registration, stating that it is damaged by said registration, that the registration was improperly granted, and that the mark, "Debby Rose" is used by appellee as a grade mark rather than as a true trademark. Appellee then moved to dismiss the cancellation petition on the ground that it does not state a claim upon which relief can be granted. Particularly, appellee points out that the petition does not contain an averment of likelihood of confusion, mistake, or deception of purchasers or any other facts which if proved would create a presumption of damage. In response to this motion, appellant asked for an oral hearing on the motion and cross-moved for permission to file an amended pleading in the event that appellee's motion to dismiss was granted. The amended pleading would include the following additional statement:

> "18A. Under the provisions of Rule 13 of the Federal Rules of Civil Procedure, and solely for the purposes of this pleading, the applicant-petitioner alleges that the parties to this proceeding are presently engaged in competitive business with each other, and both of the parties are now selling goods of the same descriptive properties in the same area or territory. Therefore, assuming only for the purposes of this pleading, and the applicant-petitioner does hereby so assume and allege, the truth of the facts set forth and alleged by the opposer-respondent in its notice of opposition, as recited in paragraphs 17 and 18 hereof, particularly the opposer-respondent's allegations that the goods of the parties are of the same descriptive properties, and the two marks are confusingly similar,— it follows therefrom that there is likelihood of confusion, and under the provisions of F.R.C.P. 13, the applicant-petitioner so alleges, which already has damaged the applicant-petitioner and which will result in further damage to the applicant-petitioner and its business aforesaid."

Appellee was opposed to an oral hearing.

The board made no formal ruling on appellant's request for leave to amend

* United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge O'CONNELL*, pursuant to provisions of Section 294(d), Title 28 U.S.C.

its pleading, granted appellee's motion, and dismissed appellant's counterclaim, stating:

"In order to state a claim upon which relief may be granted in a petition to cancel, it must be alleged that the registration is inconsistent with an equal or superior right of the petitioner in the same or a similar mark. See: The Englander Company, Inc. v. Contour Chair-Lounge Co., Inc. and cases cited therein, 120 USPQ 233 (TT&A Bd., 1959). Applicant has not asserted that it possesses rights in its mark which antedate or are otherwise superior to opposer's rights in its mark. It thus appears that the counterclaim does not set forth any facts which if proved would support an inference of damage to applicant."

With regard to the request for an oral hearing, the board stated in a footnote to its opinion:

"2. Applicant has requested a hearing on the motion. It is the general practice not to hold a hearing on interlocutory motions and an exception thereto appears unwarranted in the present instance. Applicant's request for such a hearing is denied."

In effect then, appellee has filed a demurrer to appellant's petition for cancellation and the board has dismissed said petition without an oral hearing. The relief requested of this court is that the decision of the board be reversed or, in the alternative, that the case be remanded to the board with instructions to vacate its dismissal order and set down the demurrer for oral argument.

Even though the board did not explicitly grant applicant-appellant's motion to amend its counterclaim, undoubtedly the board included the amendment in its consideration of the case in that it stated:

"Applicant has counterclaimed for cancelation of opposer's pleaded registration. As grounds for cancelation it is alleged in the pleading that applicant has been using the mark 'Debbie Hall' since on or about January 22, 1958 for girls' coats, suits, dresses, skirts and the like; that on February 17, 1958 applicant filed an application to register 'Debbie Hall', and said mark was published for opposition on November 4, 1958; that opposer filed a notice of opposition thereto relying upon the registration sought to be canceled; that for the purpose of this pleading the marks 'Debbie Hall' and 'Debby Rose' as applied to the goods of the parties are likely to cause confusion in trade; that opposer was not the first to adopt and use either of the words 'Debby' or 'Rose' and/or a combination thereof for goods of the character sold by the parties herein; and that opposer's registration was improperly granted because opposer has used it merely as a grade mark, and the specimens submitted by opposer in its application for registration disclose use of 'Debby Rose' only as a part of a composite mark."

Although the amendment contains allegations which are inconsistent with some of the original allegations of the counterclaim, this procedure is sanctioned by the Trademark Rules of Practice.[1] Furthermore, we believe that appellant's motion to amend should have been granted. Therefore, for the purpose of ascertaining the correctness of the board's action concerning appellee's motion to dismiss appellant's counterclaim, which is all that is before this court at this time, we must determine if the allegations of the counterclaim as amended are sufficient if proven to warrant cancellation of appellee's registration.

1. Trademark Rules of Practice, Rule 2.117, 15 U.S.C.A.Appendix; Federal Rules of Civil Procedure, Rule 8(e) (2), 28 U.S.C.A.

 

We believe the necessary allegations have been made. Appellant has alleged that it has been using "Debbie Hall" on its goods; that "Debbie Hall" and "Debby Rose" as applied to the goods of the parties are likely to cause confusion in trade; that opposer-appellee's registration was improperly granted; that "Debby Rose" in reality is only part of a composite mark as used by appellee. In other words, appellant is saying that since the two marks are likely to cause confusion in the trade and since appellant has registration rights which are superior to those of appellee, because appellee has no registration rights at all (see Minnesota Mining & Mfg. Co. v. Minnesota Linseed Oil Paint Co., etc., 229 F.2d 448, 43 CCPA 746), it is damaged by appellee's registration. This court stated in Price Vacuum Stores, Inc. v. Admiral Corp., 223 F.2d 269, 271, 42 CCPA 976:

"In summary, the cited portions of the foregoing cases stand for the above stated rule that a petition for cancellation of registration of a trade-mark must allege facts upon which injury to the petitioner is predicated. It is also quite obvious from the cases that, before there can be a showing of injury, there must be an allegation that there will likely be confusion in the trade as a result of the use of the marks on the respective goods of the parties, or as stated by the Examiner-in-Chief, 'the petitioner herein can have no proper interest in the question of respondent's right to registration in the cancellation proceedings unless the goods of the party and those specified in the registration under attack are such that their sale under the notation in controversy would be likely to cause confusion in the trade.

\* \* \* \* \* \*

"It is our view that any positive allegation is sufficient which states in substance that the sale of the goods by the respective parties under the mark in question would be likely to cause confusion in the trade. It would certainly seem that a recital of this nature would be sufficient to set forth the "damage" contemplated by the statute which would entitle one to bring a cancellation proceeding."

In view of the foregoing, we believe that the motion of appellee to dismiss the counterclaim of appellant should not have been granted. Therefore the decision of the board in this connection is reversed. However, since it is not within our province to determine whether parties are entitled to oral hearings before the Patent Office tribunals, we shall not decide the correctness of the board's refusal to grant an oral hearing of this motion as requested by appellant.

Reversed.