**LAND O'LAKES CREAMERIES, INC.,**
**Plaintiff,**

v.

**OCONOMOWOC CANNING COMPANY,**
**Defendant.**

**No. 59-C-234.**

United States District Court
E. D. Wisconsin.

Nov. 21, 1961.

Marvin E. Klitsner and Lyman A. Precourt, Milwaukee, Wis., Harold Jordan,

St. Paul, Minn., Arnold B. Christen, Washington, D. C., of counsel, for plaintiff.

Gerrit D. Foster and Paul R. Puerner, Milwaukee, Wis., for defendant.

GRUBB, District Judge.

This is an action to cancel trade-mark registrations, for trade-mark infringement and unfair competition, and for other relief. Defendant has moved to dismiss the claim relating to cancellation of the trade-mark registrations on the grounds of lack of jurisdiction and failure to state a claim.

### 1. *Lack of Jurisdiction*

Defendant contends that plaintiff failed to commence this action within the time limits set by statute and regulations. The statute upon which jurisdiction rests in this case, § 146 of Title 35 U.S.C.A., pursuant to § 1071 of Title 15 U.S.C.A., requires that a party who is dissatisfied with a decision of the patent office commence a civil action for a determination in the district court within such time after such patent office decision, not less than sixty days, as the Commissioner appoints.

Patent Practice Rule 304, 37 C.F.R. § 1.304, 35 U.S.C.A.Appendix, applicable here, states that such civil action must be brought sixty days from date of the patent office decision. This rule also provides as follows:

> " * * * If a petition for rehearing or reconsideration is filed within thirty days after the date of the decision of the Board * * *, the time is extended to thirty days after action on the petition. No petition for rehearing or reconsideration filed outside the time specified herein after such decision, nor any proceedings on such petition shall operate to extend the period of sixty days hereinabove provided. * * * "

The motion papers and affidavits submitted in respect thereto show that plaintiff seasonably requested an extension of time for filing its petition for reconsideration of the decision rendered August 3, 1959—see Land O'Lakes Creameries, Inc. v. Oconomowoc Canning Company, 122 U.S.P.Q. 411—because of the hospitalization of one of its attorneys and the necessary absence of another resulting from an automobile accident. In the order granting said request, the Assistant Commissioner noted that a new appeal period would be fixed at the time the request for reconsideration was acted upon. In the decision denying the petition for reconsideration, dated September 23, 1959, the Board noted the limit of appeal as thirty days from date of order, or October 23, 1959. Defendant did not object to or ask to be heard on the prior order indicating that a new time for appeal would be fixed, or in respect to the limit of appeal time noted by the Board. Plaintiff's request for additional time for taking an appeal was denied on October 19, 1959. This action was commenced within the time limit set by the Board.

Trade-mark Practice Rule 2.148, 37 C. F.R. § 2.148, 15 U.S.C.A.Appendix, authorizes the Commissioner to suspend or waive any requirements of the rules of practice in trade-mark cases which are not a requirement of the statute in extraordinary situations when justice requires and when no other party is injured thereby.

The cases are divided on the question of the Commissioner's authority to waive the requirements of Rule 304. A recent decision, Eckey v. Watson, 106 U.S.App. D.C. 16, 268 F.2d 891 (D.C.Cir.1959), wherein this question was specifically raised, holds that the sixty day provision of Rule 304 was not a requirement of the statutes within the meaning of Patent Practice Rule 183, 37 C.F.R. § 1.183, which is similar to Trade-mark Practice Rule 2.148. Accordingly, the Commissioner had authority to suspend or waive its operation under proper circumstances as determined by him.

On the other hand, the Commissioner of Patents and the Court of Customs and

Patent Appeals have held that the patent office rule setting forth the time limitation for filing an appeal had the force of law and could not be waived. Non-compliance with its requirements deprived the court of jurisdiction in the matter. These decisions were rendered in *ex parte* and *inter partes* proceedings. See In re Horton, 58 F.2d 682, 19 CCPA 1151 (CCPA 1932); In re Retail Clerks International Protective Ass'n, 108 F.2d 1008, 27 CCPA 875 (CCPA 1940); In re Terres, 150 F.2d 711, 32 CCPA 965 (CCPA 1945); and Cincinnati Floor Company v. United States Plywood Corporation, 115 U.S.P.Q. 386 (1957). The decisions in these cases do not reveal whether or not rules authorizing a waiver or suspension of the operation of certain rules were considered, or whether or not the cases involved extraordinary circumstances justifying the exercise of the Commissioner's authority in extending the time set by the rule.

■ It is the opinion of the court that the circumstances of this case, in light of the decision in Eckey v. Watson, supra, bar the defense of lack of jurisdiction in respect to the claim for cancellation.

Plaintiff made a showing of unusual circumstances upon which the Assistant Commissioner predicated the extension of time granted in respect to the filing of the petition for reconsideration. It may be assumed that the Assistant Commissioner and the Board determined that these circumstances justified a similar extension with respect to the time for filing notice of appeal or commencing a civil action. Defendant had notice of the extensions of time granted and offered no objections thereto.

Further, defendant has made no showing that it has been injured thereby. Plaintiff commenced this action within the time limit set by the trade-mark office. Defendant cannot now be heard to question the exercise of the official's authority in extending the time for commencing this action. The motion to dismiss, insofar as it rests on the ground of failure of jurisdiction, is denied.

The court notes the conflict as to the authority of the Commissioner to waive or suspend the operation of the rule designating the time within which this action must be commenced. Other claims alleged by the complaint are not challenged by defendant on this motion. Since these claims remain for further proceedings, an appellate determination of the question of jurisdiction as to the claim for cancellation would not materially advance the ultimate termination of this litigation.

### 2. *Failure to State a Claim*

Defendant contends that plaintiff's claim for cancellation of trade-mark registrations as stated in paragraphs 4 to 12, inclusive; 14; 16 to 19, inclusive; 24; and 26 to 29, inclusive, of the complaint, as amended, fails to state a cause of action. In addition to other authority, defendant relies on the decision with which the plaintiff is dissatisfied, allegedly based on similar claims—Land O'Lakes Creameries, Inc. v. Oconomowoc Canning Company, 122 U.S.P.Q. 411 (1959). The Board there held at page 412:

"Considering first the petitions for cancellation, it is clear that petitioner's pleadings do not allege facts upon which relief can be granted, nor do any such facts appear from the record herein.

"Petitioner has not alleged, nor does it now assert, that it possesses a superior right to use 'Land O'Lakes' for canned food products such as those recited in respondent's registrations, or that these registrations are in any way inconsistent with petitioner's right to continue to use the mark as it has in the past for dairy food products and animal and poultry feeds. Furthermore, the record shows that respondent has, in its own behalf, continuously used 'Land O'Lakes' for canned vegetables of various kinds since as early as 1920, whereas petitioner did not

commence using the mark for its own goods until sometime in 1924. Under these circumstances, petitioner cannot in any event be damaged by respondent's registrations, and hence is without standing herein to question the validity thereof. * * *" (Citations omitted.)

Section 14 of the Trade-mark Act, Title 15 U.S.C.A. § 1064, insofar as pertinent here, provides as follows:

"§ 1064. Cancellation of registration

"Any person *who believes that he is or will be damaged* by the registration of a mark on the principal register established by this chapter, or under the Act of March 3, 1881, or the Act of February 20, 1905, may upon the payment of the prescribed fee, apply to cancel said registration—

* * * * * *

"(c) at any time if the registered mark becomes the common descriptive name of an article or substance on which the patent has expired, or has been abandoned or its registration was obtained fraudulently or contrary to the provisions of section 1054 of this title or of subsections (a), (b), or (c) of section 1052 of this title for a registration under this chapter, or contrary to similar prohibitory provisions of said prior Acts for a registration thereunder, or if the registered mark has been assigned and is being used by, or with the permission of, the assignee so as to misrepresent the source of the goods or services in connection with which the mark is used, or if the mark was registered under the Act of March 3, 1881, or the Act of February 20, 1905, and has not been published under the provisions of subsection (c) of section 1062 of this title; * * *." (Emphasis added.)

■■ The basic right arising from plaintiff's ownership of a trade-mark lies in the right to prohibit use of it by others so far as to protect the owner's good will against the sale of another's products as his. Prestonettes, Inc. v. Coty, 264 U.S. 359, 368, 44 S.Ct. 350, 68 L.Ed. 731 (1924); McKesson & Robbins, Inc. v. Charles H. Phillips Chemical Co., 53 F.2d 342, 345 (2d Cir. 1931). Damage resulting from registration of the mark of another must be concerned with an invasion of plaintiff's right to protection of its good will. It must be predicated upon allegations that there will be likelihood of confusion in the trade as a result of the use of plaintiff's and defendant's marks on their respective goods. Price Vacuum Stores, Inc. v. Admiral Corp., 223 F.2d 269, 271 (CCPA 1955); Robert Hall Clothes, Inc. v. Stern-Slegman-Prins Company, 285 F.2d 816 (CCPA 1961). Under these cases, allegations of fact upon which injury may be predicated is a requisite to an action for cancellation of trade-mark registrations on the grounds stated in § 1064 of the Lanham Act, Title 15 U.S.C.A.

■ The complaint, as amended in this action, purports to state claims for cancellation, for infringement and unfair competition, and for other relief. It consists of twenty-nine paragraphs. The paragraphs relating to the various claims are indiscriminately intermingled. The allegations relating specifically to the claim for cancellation recite various statutory grounds therefor, such as misuse, abandonment, and misrepresentations in connection with securing registration or renewal of the marks in question. These paragraphs contain no allegations that there is likelihood of confusion of the parties' goods bearing their respective marks. Standing alone, the claim for cancellation fails to state a cause of action. This warrants dismissal of the claim.

■ Other paragraphs of the amended complaint relating to unfair competition and infringement contain allegations of likelihood of confusion of the parties' goods. Although these allegations have

not been incorporated into the cancellation claim, plaintiff has indicated that they are to be considered as standing to that cause of action. For this reason, and in view of the rule requiring liberal construction of pleadings, should plaintiff desire to amend its complaint to set forth its various claims independently and specifically, leave is hereby granted to file such amendment within thirty days from the date of this order in lieu of dismissal of the claim for cancellation as alleged in the above-enumerated paragraphs of the amended complaint.